IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. RODRIGUEZ

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DANIEL J. RODRIGUEZ, APPELLANT.

Filed November 9, 2021.    Nos. A-21-159.

Appeal from the District Court for Buffalo County: JOHN H. MARSH, Judge. Affirmed.

Brandon J. Dugan, Deputy Buffalo County Public Defender, for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

PIRTLE, Chief Judge, and MOORE and WELCH, Judges.

MOORE, Judge.

## INTRODUCTION

Daniel J. Rodriguez was convicted of possession of a controlled substance (cocaine) with intent to distribute. The district court for Buffalo County found that Rodriguez was a habitual criminal and sentenced him to 10 to 15 years' imprisonment. Rodriguez appeals both his conviction and his sentence, asserting that the district court erred in denying his motions to suppress evidence allegedly obtained in violation of his constitutional rights during his encounter with law enforcement and that the sentence imposed was excessive. Finding no error, we affirm.

## STATEMENT OF FACTS

### INCIDENT

On the evening of November 8, 2019, Sergeant Jared Small with the Kearney Police Department observed a vehicle traveling about 46 miles per hour in a 35-mile-per-hour zone. After observing the speeding, Small then saw the driver of the vehicle brake "pretty aggressively,"

presumably because the driver had seen Small's patrol car. Small turned on his headlights and began to pursue the vehicle. The driver of the vehicle then made an abrupt right turn and accelerated away from Small. When Small caught up to the vehicle he activated his spotlight and observed furtive movement by the driver towards the center console of the vehicle. The driver of the vehicle then pulled to the side of the road.

When Small made contact with the driver, Small recognized him as Rodriguez. Small was familiar with Rodriguez from prior law enforcement contacts, including a traffic stop on August 25, 2018. Small had arrived at the 2018 traffic stop after the vehicle Rodriguez was driving had been pulled over and Small assisted in the search of the vehicle. During the 2018 stop, law enforcement found several grams of cocaine in the center console of the vehicle and Rodriguez was arrested for possession of a controlled substance. Small was also familiar with Rodriguez' criminal record and knew that he was a convicted felon.

Small instructed Rodriguez to get out of the vehicle and asked Rodriguez if his license was still suspended. Rodriguez replied, "Yeah." Small then handcuffed Rodriguez, patted him down, and put him in the back of Small's patrol car. Small testified that he arrested Rodriguez immediately for driving with a suspended license. Small called Kearney Police Department dispatch to check the status of Rodriguez' license and the registration of the vehicle. Small then asked Rodriguez who owned the vehicle, and Rodriguez answered that it belonged to his friend, Jose Perez. Minutes later, dispatch confirmed that Rodriguez' license was suspended and that the vehicle was registered to Perez. At no point did Small notify Rodriguez of his *Miranda* rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

After arresting Rodriguez, Small searched the vehicle around the driver's seat and center console area. Inside the center console, Small found a plastic bag with a measuring cup inside. The measuring cup had a white powdery residue that Small suspected was a controlled substance, specifically, cocaine. Small continued to search the center console and found a folding knife; an eyeglasses case with several individually packed bags inside containing a white powdery substance; a black measuring spoon with a white powdery residue on it; and a digital scale with a white powdery residue on it. Based on Small's belief that the white powdery residue and substance was cocaine, he conducted a field test which yielded a presumptive positive for cocaine. Small submitted the individually packed bags from the eyeglasses case to the Nebraska State Patrol Crime Lab for testing and measurement.

Small then transported Rodriguez to the Buffalo County jail. Once there, Small contacted Perez to inform him that his vehicle had been left at the scene and that Rodriguez had the keys at the jail. Perez came to the jail later that night to retrieve the keys, which Rodriguez released to him. When asked by Small how Rodriguez gained possession of the vehicle, Perez explained that Rodriguez had asked to borrow the vehicle that night and Perez told him not to take it; but, Rodriguez still took the vehicle. However, based on a followup phone call with Perez a week later, Small concluded that Perez had in fact given Rodriguez permission to use the vehicle.

CHARGES AND PRETRIAL PROCEEDINGS

The State charged Rodriguez by information with (1) possession of a controlled substance with intent to distribute: cocaine (not less than 10 grams but not more than 28 grams) under § 28-416(7)(c), a Class ID felony; (2) possession of a deadly weapon by a prohibited person under

Neb. Rev. Stat. § 28-1206(3)(a) (Cum. Supp. 2020), a Class III felony; (3) and driving under suspension or while eligible for reinstatement under Neb. Rev. Stat. § 60-4,108(2) (Cum. Supp. 2020), a Class III misdemeanor. The State also alleged that Rodriguez was a habitual criminal. Prior to trial, Rodriguez filed motions to suppress the drug evidence recovered from the vehicle and his statements to Small during the traffic stop and subsequent arrest. In his motions, Rodriguez alleged that the warrantless search of the vehicle was unconstitutional and that his challenged statements were not voluntarily made and were obtained in violation of *Miranda v. Arizona*. Rodriguez also moved for a *Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964), hearing so that the court could determine whether Rodriguez' statements were voluntarily given to Small.

The district court held several hearings on Rodriguez' motions. At the hearings on Rodriguez' first and second motions to suppress, the court received into evidence video recordings of the traffic stop, and Small testified to the facts summarized above. Perez also testified to support Rodriguez' assertion that he was in lawful possession of the vehicle and as such had standing to object to the search. Perez acknowledged in his initial statement to Small that he reported telling Rodriguez not to take his vehicle and that Rodriguez had taken it anyway. But Perez offered additional context in an attempt to clarify that statement. Perez testified that he and Rodriguez were friends and that Perez picked up Rodriguez the evening of November 8, 2019, around 8 p.m. to hang out. Perez then drove the two of them to a gas station where Perez met his girlfriend to go to Gibbon, Nebraska. Rodriguez wanted to borrow Perez' vehicle, but Perez did not want him to because he knew that Rodriguez did not have a license. To avoid further arguing with Rodriguez, Perez left his vehicle and keys with Rodriguez and went with his girlfriend in her vehicle to Gibbon, knowing that Rodriguez was going to use his vehicle.

In an order entered on August 13, 2020, the district court overruled Rodriguez' motions. Regarding the drug evidence recovered from the vehicle, the court found that Rodriguez did not have standing to contest the warrantless search. The court gave more credence to Perez' first statement to Small than Perez' later statements and testimony, and so concluded that Rodriguez had taken the vehicle without Perez' permission and was therefore not in lawful possession of the vehicle. In a later order entered on December 3, 2020, the court found that Rodriguez' statements to law enforcement were not obtained in violation of *Miranda* or *Jackson v. Denno*. The court noted that the totality of the circumstances indicated that Rodriguez' statements were voluntarily made and they were not the product of a custodial interrogation.

STIPULATED BENCH TRIAL

Following the district court's rulings on Rodriguez' motions to suppress, the case proceeded to a stipulated bench trial. The State first filed an amended information charging Rodriguez only with possession of a controlled substance, along with the allegation that he was a habitual criminal; the two other counts were dismissed. The State then offered into evidence a joint stipulation of facts by the parties. The stipulation recited the circumstances surrounding the traffic stop and the search of the vehicle, detailed the drug evidence found during that search, indicated that a laboratory test confirmed that the substance was cocaine and that roughly 25 grams of it was recovered from the vehicle, and set out various inculpatory statements made by Rodriguez via video calls while he was jailed. The stipulation referenced only two of Rodriguez' statements to

law enforcement; his confirmation that his license was currently suspended and his assertion that the vehicle belonged to Perez. The stipulation also reiterated Rodriguez' objections and preserved the suppression issues for appeal. Thereafter, the court found Rodriguez guilty and scheduled a subsequent hearing for enhancement and sentencing.

## ENHANCEMENT AND SENTENCING

The State offered exhibits to prove the existence of valid prior convictions for enhancement purposes. Rodriguez objected on foundation, authentication, and relevance grounds, which the district court overruled. Based on those exhibits, the court found that Rodriguez was a habitual criminal. The court then heard arguments from the parties, as well as Rodriguez himself, before sentencing Rodriguez to 10 to 15 years' imprisonment. Rodriguez appealed.

## ASSIGNMENTS OF ERROR

Rodriguez assigns that the district court (1) erred in admitting evidence into trial over his objection and (2) abused its discretion by imposing an excessive sentence.

## STANDARD OF REVIEW

In reviewing a trial court's ruling on a motion to suppress based on a claimed violation of the Fourth Amendment or the safeguards established by the U.S. Supreme Court in *Miranda v. Arizona*, an appellate court applies a two-part standard of review. Regarding historical facts, an appellate court reviews the trial court's findings for clear error. But whether those facts trigger or violate Fourth Amendment or Fifth Amendment protections is a question of law that an appellate court reviews independently of the trial court's determination. *State v. Schriner*, 303 Neb. 476, 929 N.W.2d 514 (2019).

An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Munoz*, 309 Neb. 285, 959 N.W.2d 806 (2021). Although an appellate court ordinarily considers only those errors assigned and discussed in the briefs, the appellate court may, at its option, notice plain error. *State v. Clausen*, 307 Neb. 968, 951 N.W.2d 764 (2020).

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition. *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021).

## ANALYSIS

In connection with Rodriguez' assignment that the district court erred in admitting evidence at trial over his objection, he argues that the district court erred in denying his motions to suppress evidence. We analyze each motion below.

### FIRST MOTION TO SUPPRESS: WARRANTLESS SEARCH

We first address the warrantless search of the vehicle. Rodriguez argues that he was in lawful possession of the vehicle and as such had standing to challenge the search. Before a party may challenge a search without a warrant, he or she must have standing in a legal controversy.

*State v. Abu-Serieh*, 25 Neb. App. 462, 908 N.W.2d 86 (2018). A "standing" analysis in the context of search and seizure is nothing more than an inquiry into whether the disputed search and seizure has infringed an interest of the defendant in violation of the protection afforded by the Fourth Amendment. *State v. Abu-Serieh*, 25 Neb. App. at 468, 908 N.W.2d at 93.

To determine if an individual may make a challenge under the Fourth Amendment one must determine whether an individual has a legitimate or justifiable expectation of privacy. *State v. Nelson*, 282 Neb. 767, 807 N.W.2d 769 (2011). Ordinarily, two inquiries are required. *Id*. First, an individual must have exhibited an actual (subjective) expectation of privacy, and second, the expectation must be one that society is prepared to recognize as reasonable. *Id*. The U.S. Supreme Court has held that, as a general rule, someone in lawful possession and control of a car has a reasonable expectation of privacy in it. *Byrd v. U.S.*, ___ U.S. ___, 138 S. Ct. 1518, 200 L. Ed. 2d 805 (2018).

The district court found that Rodriguez lacked standing to challenge the search of the vehicle and overruled Rodriguez' first motion to suppress the drug evidence found by Small during the search. The court placed greater weight on Perez' first statement, that he denied Rodriguez' request to use the vehicle, and thus concluded that Rodriguez' use of the vehicle was without the owner's permission.

We review the trial court's findings of historical facts for clear error. *State v. Schriner, supra*. An appellate court will consider the fact that the district court saw and heard the witnesses and observed their demeanor while testifying, and will give great weight to the trial court's judgment as to credibility. *Gatzemeyer v. Knihal*, 25 Neb. App. 897, 915 N.W.2d 630 (2018). Additionally, the Nebraska Supreme Court has held that appellate courts generally defer to a district court's assessment of conflicting evidence. See *Liljestrand v. Dell Enters.*, 287 Neb. 242, 842 N.W.2d 575 (2014) (finding that district court has advantage of hearing and observing important parts of evidence that are not readily apparent from cold record). Here, we defer to the district court's factual findings based on its assessment of Perez' conflicting statements.

We conclude that the district court's finding that Perez had denied Rodriguez permission to use the vehicle was not clearly erroneous. Accordingly, Rodriguez was not in lawful possession of the vehicle and did not have standing to object to the search of the vehicle and containers within. The district court did not err in denying the motion to suppress the evidence found in the vehicle.

SECOND MOTION TO SUPPRESS: STATEMENTS TO LAW ENFORCEMENT

Rodriguez also argues that the district court erred in failing to sustain his motion to suppress his statements to Small. He asserts that the interaction with Small was a custodial interrogation and because he was not advised of his *Miranda* rights, his statements are inadmissible.

*Miranda v. Arizona, supra*, adopted a set of prophylactic measures to protect suspects from modern custodial interrogation techniques. The safeguards provided by *Miranda* come into play whenever a person in custody is subjected to either express questioning or its functional equivalent. *State v. Malone*, 308 Neb. 929, 957 N.W.2d 892 (2021). The ultimate inquiry for determining whether a person is in custody for purposes of *Miranda* is whether there is a formal arrest or restraint on freedom of movement of a degree associated with a formal arrest. *State v. Benson*, 305 Neb. 949, 943 N.W.2d 426 (2020). Persons temporarily detained pursuant to an investigatory traffic stop are not in "custody" for purposes of Miranda. *State v. Abu-Serieh*, 25 Neb. App. 462,

908 N.W.2d 86 (2018). When a person is detained pursuant to a traffic stop, there must be some further action by the police to render that person in custody and entitled to *Miranda* warnings. *State v. Landis*, 281 Neb. 139, 794 N.W.2d 151 (2011).

Only two of Rodriguez' statements to law enforcement were referenced at trial. The first was his statement to Small that his license was currently suspended. At the time that Rodriguez made this statement to Small, he was detained in a traffic stop. Small asking Rodriguez whether his license was still suspended was not sufficient to convert this initial police encounter into a custodial interrogation. See *State v. Casillas*, 279 Neb. 820, 782 N.W.2d 882 (2010) (*Miranda* did not prevent admission of inculpatory statements made in response to preliminary questions during traffic stop). Law enforcement is entitled to ask a driver for his or her license and registration as a part of a traffic stop. *State v. Howard*, 282 Neb. 352, 803 N.W.2d 450 (2011). Here, Small could have asked Rodriguez for his license, which would have resulted in the same information being conveyed by Rodriguez. We conclude that Rodriguez was not in custody when Small questioned him about the status of his license. Therefore *Miranda* did not apply and there is no basis for suppression of the statement.

The second of Rodriguez' statements to law enforcement that was referenced at trial was his statement that the vehicle did not belong to Rodriguez and that he was returning the vehicle to its owner, Perez. This statement was made after Rodriguez was arrested for driving with a suspended license. Small had already handcuffed Rodriguez and placed Rodriguez into the back of Small's patrol car. Because Rodriguez was in custody at the time of this second statement and Small did not advise Rodriguez of his *Miranda* rights, this statement was obtained in violation of *Miranda*.

However, while Rodriguez' statement as to ownership of the vehicle was obtained in violation of *Miranda*, its admission as trial evidence was harmless error. Harmless error review ultimately looks to the basis on which the trier of fact actually rested its verdict; the inquiry is not whether in a trial that occurred without the error a guilty verdict would surely have been rendered, but, rather, whether the actual guilty verdict rendered in the questioned trial was surely unattributable to the error. *State v. Clausen*, 307 Neb. 968, 951 N.W.2d 764 (2020).

Rodriguez' statement that he did not own the vehicle and was returning the vehicle to its owner was cumulative to other evidence regarding the ownership of the car. Small testified that shortly after Rodriguez stated that he was not the owner of the vehicle, Small confirmed through a record check on the vehicle's license plate that the vehicle was owned by Perez. Video evidence from Small's body camera also captures the dispatcher reporting that the vehicle was owned by Perez. Additionally, this *Miranda* violation has no bearing on the admissibility of the drug evidence discussed above. The record in this case affirmatively demonstrates that any error in allowing the admission of Rodriguez' second statement to Small was harmless. Accordingly, the district court did not err in overruling his second motion to suppress based on *Miranda*.

### JACKSON V. DENNO MOTION

Rodriguez also asserts that the district court failed to sustain his *Jackson v. Denno* motion based on Rodriguez' statements to law enforcement. Under *Jackson v. Denno*, 378 U.S. 368, 84 S. Ct. 1774, 12 L. Ed. 2d 908 (1964), courts must institute fair procedures to determine whether a confession is voluntary, because involuntary or coerced confessions cannot be introduced into

evidence. *State v. Grant*, 293 Neb. 163, 876 N.W.2d 639 (2016). While the totality of the circumstances weighs on the question whether a statement was voluntary, coercive police activity is a necessary predicate to the finding that a confession is not voluntary within the meaning of the Due Process Clause of the 14th Amendment. *State v. Grant, supra*. Generally, a statement freely and voluntarily given without any compelling influences is admissible. *State v. Connelly*, 307 Neb. 495, 949 N.W.2d 519 (2020). To meet the requirement that a defendant's statement, admission, or confession was made freely and voluntarily, the evidence must show that such statement, admission, or confession was not the product of any promise or inducement, direct, indirect, or implied, no matter how slight. *Id*.

In an order entered on December 3, 2020, the district court found that Rodriguez' statements to law enforcement were voluntarily made under the totality of the circumstances. The court found the relevant factors in its totality of the circumstances analysis to be that Rodriguez' statements were not the result of a custodial interrogation, that Rodriguez did not have a physical or mental disability, and that Rodriguez was able to speak to law enforcement coherently.

In reviewing a trial court's ruling on a motion to suppress, whether based on a claimed violation of the Fourth Amendment or on its alleged involuntariness, an appellate court applies a two-part standard of review. Regarding historical facts, the appellate court reviews the trial court's findings for clear error. Whether those facts meet constitutional standards, however, is a question of law, which the appellate court reviews independently of the court's determination. *State v. Grant, supra*.

We determined above that the second statement made by Rodriguez about the ownership of the vehicle was made while he was in custody, however, we find no error in the district court's other findings regarding the voluntariness of Rodriguez' statements. Further, as discussed above, the record in this case affirmatively demonstrates that any error in allowing the admission of Rodriguez' second statement to Small was harmless.

### HABITUAL CRIMINAL ENHANCEMENT

Rodriguez assigns that the district court abused its discretion and imposed an excessive sentence. He argues that he should not have been sentenced as a habitual criminal. However, Rodriguez did not assign that the court erred in finding that he was a habitual criminal. An alleged error must be both specifically assigned and specifically argued in the brief of the party asserting the error to be considered by an appellate court. *State v. Munoz*, 309 Neb. 285, 959 N.W.2d 806 (2021). Because Rodriguez did not specifically assign error to the court's finding that he was a habitual criminal, we will evaluate this argument in our discretion using a plain error standard. *State v. Clausen, supra*.

Subject to exceptions not applicable to this case, the habitual criminal statute provides in part:

> Whoever has been twice convicted of a crime, sentenced, and committed to prison, in this or any other state or by the United States or once in this state and once at least in any other state or by the United States, for terms of not less than one year each shall, upon conviction of a felony committed in this state, be deemed to be a habitual criminal . . . .

Neb. Rev. Stat. § 29-2221 (Reissue 2016). In a habitual criminal proceeding, the State's evidence must establish with requisite trustworthiness, based upon a preponderance of the evidence, that (1) the defendant has been twice convicted of a crime, for which he or she was sentenced and committed to prison for not less than 1 year; (2) the trial court rendered a judgment of conviction for each crime; and (3) at the time of the prior conviction and sentencing, the defendant was represented by counsel or had knowingly and voluntarily waived representation for those proceedings. *State v. Kinser*, 283 Neb. 560, 811 N.W.2d 227 (2012).

To show that Rodriguez qualified as a habitual criminal, the State submitted evidence of two prior convictions at the enhancement hearing. One of the prior convictions upon which the State relied was a burglary conviction. The offense was a Class III felony for which Rodriguez was initially sentenced to a term of 4 years' probation. However, the State subsequently moved to revoke Rodriguez' probation, and Rodriguez admitted to violating the conditions of his probation. The trial court then revoked Rodriguez' probation and sentenced him to a term of 4 to 6 years' imprisonment.

Rodriguez argues that the State failed to establish that he was represented by counsel when his probation was revoked, and therefore the conviction could not be used to enhance Rodriguez' sentence as a habitual criminal. Rodriguez does not challenge the sufficiency of the other conviction for enhancement purposes.

The State offered three exhibits to establish the essential elements of a habitual criminal proceeding for the conviction at issue. The first exhibit reflects that Rodriguez was represented by counsel when he was convicted for the charge of burglary and sentenced to a term of 4 years' probation. The second exhibit reflects that Rodriguez was committed to a term of not less than 4 nor more than 6 years' imprisonment following Rodriguez' admission of a probation violation. The third exhibit reflects that Rodriguez was represented by counsel at the time of his sentencing following the revocation of his probation. The State's exhibits show that Rodriguez had been convicted of a crime, sentenced to more than 1 year's imprisonment, and was represented by counsel at the time of the prior conviction and sentencing for both probation and imprisonment. These facts satisfy the three requirements of a habitual criminal proceeding. *State v. Kinser, supra*.

As the district court noted, because Rodriguez was represented by counsel during the revocation of his probation and resentencing, any defects or procedural errors as to the revocation of Rodriguez' probation could have been raised at the time of his resentencing. The sentencing order contained in Exhibit 22 shows that Rodriguez' counsel was given the opportunity to address the trial court, offer evidence, and make amendments or corrections to the offered report. Because Rodriguez was represented by counsel at his sentencing to 4 to 6 years' imprisonment, the burglary conviction is valid for a habitual criminal proceeding.

Thus, the district court did not err when it concluded that there were two valid and usable convictions for the purposes of the habitual criminal enhancement.

EXCESSIVE SENTENCE

Rodriguez alleges that the sentence of 10 to 15 years' imprisonment imposed for his possession of a controlled substance with intent to distribute conviction was excessive because the district court did not seriously or adequately consider all of the mitigating sentencing factors, such

as the nonviolent nature of the offense. Rodriguez also argues that the court did not consider the success of his prior probation before his arrest on the current charges.

Rodriguez' conviction for possession of a controlled substance with intent to distribute, a class 1D felony, is punishable by a minimum of 3 and a maximum of 50 years' imprisonment. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020). A case that is subject to a habitual criminal enhancement is punishable by a minimum of 10 and a maximum of 60 years' imprisonment. § 29-2221. When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles. *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021).

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *Id*. A sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

The district court did not abuse its discretion in determining the sentence to be imposed. At the sentencing hearing, the court stated that it had reviewed the entirety of the presentence report from a prior case and an update letter from Rodriguez' probation officer, both of which included material relevant to all of the mitigating factors prescribed for consideration by statute and case law. Additionally, the court noted that Rodriguez had committed the current offense while he was on probation, and therefore an appropriate sentence would include imprisonment.

Finally, as discussed above, the district court properly concluded that Rodriguez was a habitual criminal and therefore Rodriguez' minimum sentence of 10 years' imprisonment is a mandatory minimum prescribed by § 29-2221. Because the habitual criminal enhancement applies, the court did not have the discretion to sentence Rodriguez to a shorter term of imprisonment.

## CONCLUSION

We conclude that the district court did not err in overruling Rodriguez' various motions to suppress. We also find no abuse of discretion in the decision of the district court to sentence Rodriguez as a habitual criminal to a total of 10 to 15 years' imprisonment. Accordingly, Rodriguez' conviction and sentence are affirmed.

AFFIRMED.