IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. SHEPHERD

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JOSEPH A. SHEPHERD, APPELLANT.

Filed September 12, 2023.    No. A-23-080.

Appeal from the District Court for Buffalo County: JOHN H. MARSH, Judge. Vacated and remanded with directions.

John D. Icenogle, of Bruner, Frank, Schumacher, Husak & Simpson, L.L.C., for appellant.

Michael T. Hilgers, Attorney General, and P. Christian Adamski for appellee.

PIRTLE, Chief Judge, and MOORE and RIEDMANN, Judges.

PIRTLE, Chief Judge.

INTRODUCTION

Joseph A. Shepherd pled no contest to one count of terroristic threats as part of a plea deal. The Buffalo County District Court sentenced him to two years of probation to run consecutive to the terms of probation he was already serving from two prior convictions. His probation was later revoked, and he was sentenced to one year imprisonment. In a direct appeal following the probation revocation, Shepherd assigns his total sentence of imprisonment was excessive. The State asserts the district court plainly erred in failing to impose mandatory post-release supervision as part of the total sentence of imprisonment.

We find no abuse of discretion in the district court's sentence of imprisonment, but find it erred in failing to impose post-release supervision in addition to the term of imprisonment. Therefore, we vacate and remand with directions.

- 1 -

BACKGROUND

In January 2017, Shepherd was charged in Buffalo County with one count of terroristic threats, a Class IIIA felony. Shepherd pled no contest to the terroristic threats charge as part of a plea deal where the State agreed to not object to probation. The district court sentenced him to two years of probation to run consecutive with other terms of probation stemming from two prior convictions. Relevant to this appeal, the conditions of his probation required him to report to a probation officer as directed, answer all inquiries from the probation officer concerning his conduct, maintain full employment, not consume any non-prescribed controlled substances, and submit to drug testing upon request.

Throughout his two-year period of probation, Shepherd committed many violations. In February 2022, he was tested for controlled substances and was positive for methamphetamine. He was tested again in March with the same result. He then missed five more drug tests that were scheduled in March. Around this time, it was also discovered that he failed to return to his job after working a single shift. From that point, he failed to report to his probation officer as scheduled.

After many attempts to make contact, the probation office did not have any communication with Shepherd until he appeared at a court hearing in September 2022. When that occurred, he was subjected to another drug test which was positive for methamphetamine. Upon testing positive, he admitted to recently using methamphetamine. He was then told to report back about a week later, which he failed to do. He went on to miss two other appointments in September along with four more drug tests in September and October. As a result, the probation officer placed him on abscond status on October 4, 2022. On October 6, the State filed its second amended motion for revocation of probation.

A hearing was held on the State's motion on October 11, 2022. Following the presentation of evidence as to Shepherd's many probation violations, the district court expressed concern regarding an ambiguity as to when his probation began. It ordered the parties to submit briefs. On November 4, the court made a finding that there was ambiguity in the order, but the ambiguity was resolved by relying on the oral pronouncement made at the time of the original sentencing. That oral pronouncement stated the probation in this matter was to be consecutive to the previous probation. Therefore, Shepherd's two-year probationary period began in November 2020.

A resentencing hearing was held on January 3, 2023. Shepherd's attorney articulated that although Shepherd had failed to abide by the requirements during his probationary period, he displayed improvement in the ability to manage his anger and drug addiction. He told his attorney that he had been sober for more than a year, which was his longest period of sobriety. The State then explained how his probation was revoked each time it was ordered. This included a 2006 case out of Red Willow County and a 2016 case from Buffalo County. Shepherd then spoke on his own behalf. He pointed to his lack of criminal violations since 2017 and his desire to clean up his life for the benefit of his children. The court then stated that it had gone through his criminal history and would take the fact that the underlying charge occurred several years ago into account. Before levying sentence, the district court noted that Shepherd had participated with probation for some time in 2021 and had completed classes. However, it believed Shepherd "had enough probation." The court revoked Shepherd's probation and sentenced him to one year of imprisonment. The court did not impose a term of post-release supervision.

## ASSIGNMENT OF ERROR

Shepherd assigns, restated, that the district court abused its discretion by imposing an excessive sentence when it resentenced him following his probation revocation.

## STANDARD OF REVIEW

When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles. A judicial abuse of discretion exists only when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *State v. Roth*, 311 Neb. 1007, 977 N.W.2d 221 (2022).

Consideration of plain error occurs at the discretion of an appellate court. *Id.* Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *Id.*

## ANALYSIS

### EXCESSIVE SENTENCE

Shepherd assigns the district court abused its discretion in sentencing him to one year imprisonment because in doing so it failed to fully consider the required sentencing factors. When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *Id.* However, it is not necessary for a sentencing court to articulate on the record that it has considered each sentencing factor nor to make specific findings as to the facts pertaining to the factors or the weight given to them. *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021).

Shepherd's original conviction for terroristic threats is a Class IIIA felony punishable by a maximum term of 3 years' imprisonment and 18 months' post-release supervision or a $10,000 fine, or both. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). While there is no minimum term for imprisonment for Class IIIA felonies, if imprisonment is imposed there is a minimum period of 9 months' post-release supervision. § 28-105. The district court's sentence of one year imprisonment was within the appropriate statutory range.

When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles. *State v. Roth, supra.* A judicial abuse of discretion exists only when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id.*

There is no indication that the district court considered impermissible or unreasonable factors in fashioning Shepherd's sentence. While on probation, Shepherd repeatedly refused to comply with the requisite requirements. This included failing to report to his probation officer on several occasions, failing to maintain employment, testing positive for methamphetamine three

times, and failing to report to numerous other chemical testing appointments. At the hearing, Shepherd and his counsel both had the opportunity to address the positive changes Shepherd had made to his life. Notably, they pointed to the strides he made in managing his anger and remaining sober. The court indicated it had gone through Shepherd's criminal history and would take the fact that the underlying charge occurred several years ago into account. The court proceeded to state that it believed Shepherd "had enough probation" and sentenced him to one year imprisonment. While the district court did not articulate its weighing of the requisite factors, there is no requirement for it do so. See *State v. Greer, supra.* Based on our review of the record, the district court did not abuse its discretion in sentencing Shepherd.

POST-RELEASE SUPERVISION

The State asserts the district court committed plain error by failing to impose post-release supervision as part of Shepherd's total sentence. Plain error may be found on appeal when an error unasserted or uncomplained of at trial, but plainly evident from the record, prejudicially affects a litigant's substantial right and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. Consideration of plain error occurs at the discretion of an appellate court. *State v. Roth*, 311 Neb. 1007, 977 N.W.2d 221 (2022).

A sentence that is contrary to the court's statutory authority is an appropriate matter for plain error review. *Id.* Neb. Rev. Stat. § 29-2204.02 (Reissue 2016) states, in relevant part:

[I]n imposing a sentence upon an offender for a Class III, IIIA, or IV felony, the court shall:

(a) Impose a determinate sentence of imprisonment within the applicable range in section 28-105; and

(b) Impose a sentence of post-release supervision, under the jurisdiction of the Office of Probation Administration, within the applicable range in section 28-105.

Section 28-105 provides that when imprisonment is imposed on a Class IIIA felony, the minimum period of post-release supervision is 9 months. As a general rule, the use of the word "shall" is considered to indicate a mandatory directive, inconsistent with the idea of discretion. *State v. Roth, supra.* Thus, as the Nebraska Supreme Court has articulated, "[t]he statutory provisions of §§ 29-2204.02 and 28-105 relating to post-release supervision are mandatory, and a sentence that fails to impose post-release supervision when required is an appropriate matter for our discretionary plain error review." *Id.* at 1020, 977 N.W.2d at 231. Based on this, the court concluded that

for offenses committed on or after August 30, 2015 (as to all committed offenders under sentence, on parole, or on probation on or after April 20, 2016, and to all persons sentenced on and after such date), the court has the mandatory directive to impose a minimum of 9 months' post-release supervision when sentencing the defendant to a term of imprisonment for a Class III or Class IIIA felony.

*Id.* at 1022-23, 977 N.W.2d at 233. Sentencing courts do "not have the discretion to ignore these mandates." *Id.* at 1024, 977 N.W.2d at 233.

Shepherd was convicted on one count of terroristic threats, a Class IIIA felony. Therefore, under the statutory scheme, the district court was obligated to sentence him to at least 9 months of

post-release supervision following his term of imprisonment. As the district court failed to do so, we find plain error.

The matter must be remanded back to the district court. Section 29-2204.02(7)(b) states: "If a period of post-release supervision is required but not imposed by the sentencing court, the term of post-release supervision shall be the minimum provided by law." Section 28-105(5) mandates that "[a]ll sentences of post-release supervision . . . shall be subject to conditions imposed pursuant to section 29-2262." Moreover, Neb. Ct. R. § 6-1904(A) sets forth several requirements in cases requiring post-release supervision:

> In cases requiring a determinate sentence pursuant to Neb. Rev. Stat. § 29-2204.02, the court shall, at the time a sentence is pronounced, impose a term of incarceration and a term of post-release supervision pursuant to Neb. Rev. Stat. § 29-2204.02(1), and shall enter a separate post-release supervision order that includes conditions pursuant to Neb. Rev. Stat. § 29-2262. The court shall specify, on the record, that conditions of the order of post-release supervision may be modified or eliminated pursuant to Neb. Rev. Stat. § 29-2263(3).

Thus, while the term of post-release supervision for Shepherd must be 9 months, we must remand the cause to the district court so it can set appropriate conditions and decide whether those conditions can be later modified or eliminated.

## CONCLUSION

The district court did not abuse its discretion in sentencing Shepherd to one year imprisonment. However, we find plain error in the court's failure to impose post-release supervision. We vacate the sentence and remand the cause with directions to modify the sentence. The district court shall impose 9 months' post-release supervision and determine, in accordance with § 28-105(5) and § 6-1904, the specific terms of the post-release supervision.

VACATED AND REMANDED WITH DIRECTIONS.