Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/24/2021 08:11 AM CDT

State of Nebraska, appellee, v.
Kenneth Greer, appellant.
___ N.W.2d ___

Filed July 2, 2021.    No. S-20-639.

1. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.
2. **Sentences: Judges: Appeal and Error: Words and Phrases.** A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition.
3. **Jurisdiction: Appeal and Error.** It is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.
4. **____: ____.** An appeal is deemed perfected and the appellate court shall have jurisdiction of the cause when such notice of appeal has been filed and the required docket fee has been deposited in the office of the clerk of the district court.
5. **Jurisdiction: Affidavits: Fees: Appeal and Error.** In lieu of depositing the required docket fee, Neb. Rev. Stat. § 29-2306 (Reissue 2016) allows a criminal defendant to request to proceed in forma pauperis on appeal, and, in this situation, a poverty affidavit serves as a substitute for the docket fee otherwise required upon appeal.
6. **Jurisdiction: Affidavits: Appeal and Error.** An in forma pauperis appeal is perfected when the appellant timely files a notice of appeal and a proper affidavit of poverty.
7. **Sentences: Appeal and Error.** When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles.

8. **Sentences.** When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime.

9. ____. The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.

Appeal from the District Court for Douglas County: Kimberly Miller Pankonin, Judge. Affirmed.

Thomas C. Riley, Douglas County Public Defender, and April M. Lucas for appellant.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.

## NATURE OF CASE

In an appeal from a second degree assault conviction, a question of appellate court jurisdiction arose with regard to the defendant's second attempt to appeal after he dismissed his first attempt due to his failure to properly perfect it. In his appeal, the defendant challenges the district court's sentence of 19 to 20 years' imprisonment as excessive, asserting that the district court abused its discretion by failing to adequately consider all mitigating factors.

## BACKGROUND

### Plea and Conviction

Pursuant to a plea agreement, Kenneth Greer pled no contest to second degree assault, a Class IIA felony, and the State

dismissed the charge of driving under the influence (DUI) causing serious bodily injury, a Class IIIA felony. The State's factual basis alleged that on November 6, 2019, Greer caused a collision and fled the scene at a high rate of speed. Greer struck another vehicle approximately two blocks away and then continued through a stop sign at a controlled intersection where he struck the rear of a van.

One of the passengers of the van was a 6-year-old girl who sustained traumatic head and spinal injuries. She was hospitalized and remained unresponsive for a period of time. In January 2020, the girl was admitted to a rehabilitation center, and at the time of the sentencing hearing on August 6, she remained partially paralyzed.

Based on the data from the airbag control module in Greer's vehicle, he was traveling 67 miles per hour at the time of impact, which occurred in a 25-mile-per-hour speed zone. When officers arrived, Greer smelled of alcohol, had slurred speech, and failed a preliminary breath test. Pursuant to a search warrant, a blood draw was performed, and Greer's blood alcohol content was .311 of a gram of alcohol per 100 milliliters of his blood. After accepting Greer's no contest plea, the court ordered that a presentence report (PSR) be prepared and continued the matter for sentencing.

## Sentence

At the sentencing hearing, Greer's counsel asked the court to fashion a sentence that took into consideration Greer's age of 51 years; his medical condition of cirrhosis of the liver; his expression of remorse; his 11th grade education; and, while he denies it, his mental learning deficit.

Counsel acknowledged that this was Greer's third DUI, but pointed out his prior convictions were not recent and the death of Greer's brother played a role in his alcohol use. Defense counsel further stated that Greer took the plea without hesitation, taking responsibility for what he did. When Greer was asked if he wanted to say anything, he stated, "Yes. I'm

very, very, sorry for the accident and for everything that I caused. But I apologize for that."

The PSR sets forth the serious injuries suffered by the victim and indicates that the family continues to experience posttraumatic stress disorder. The mother of the injured child had to quit her job to care for her child, who is now a paraplegic and has already incurred $850,000 in ongoing medical expenses. Greer's criminal history included two prior DUI convictions, a felony possession of cocaine conviction, and multiple traffic infractions. Greer's criminal history also indicated that he did not satisfactorily complete probation two of the three times it had been granted to him. It was also noted that Greer's driving privileges had been listed as revoked by the Department of Motor Vehicles since 2004, as a result of his second DUI.

Greer denied ever being diagnosed with a learning disability, but admitted that he was required to participate in special education programming at times and continues to experience educational difficulties. Greer reported that during his senior year of high school, he chose to drop out so he could work to financially help his mother because she was on her own raising him and his siblings. Greer reported that he had not held a regular job since 2005, when he ended his 16-year janitorial career at a university, and that he has survived on money he has earned by performing "odd jobs" for cash.

Greer reported having his first drink of alcohol at the age of 16 and described himself as a social level drinker with no "lifetime alcohol induced blackouts." Despite his history of DUI arrests, Greer denied ever feeling he had problems with alcohol and stated he had decreased his drinking levels to two to three beers once per month. The PSR noted Greer's reported blood alcohol content was .311 and that he told the accident investigator that he "blacked out" after consuming just two beers.

The PSR concluded that rehabilitative services of probation appear to be inappropriate due to Greer's past performance

on probation and to the fact that he is at a very high risk to reoffend. Greer showed a great deal of denial and minimization regarding the actual negative effect that alcohol has placed in his life and exhibited very little remorse for the injuries and financial stress he has caused. Ultimately, the PSR recommended that Greer's case "be handled with a straight sentence of incarceration."

At the sentencing hearing on August 6, 2020, the district court noted Greer's prior criminal history and the probation officer's perception that Greer showed no remorse. The court then set forth the long-term, life-altering effects on the minor victim and her family resulting from the choice Greer made to drink and drive. The court sentenced Greer to 19 to 20 years' imprisonment, which sentence was memorialized in its order file stamped on August 7, 2020.

## Multiple Appeals

Greer first filed a notice of appeal on August 24, 2020, along with an application to proceed in forma pauperis and an affidavit in support of the application. This appeal was docketed as case No. A-20-606. The notary stamp on the affidavit indicated that the notary's commission had expired. On August 28, the Nebraska Court of Appeals filed an order to show cause, ordering Greer to "provide . . . an affidavit attesting that the purported notary was a duly qualified notary public in the State of Nebraska at the time of the signing of [his] poverty affidavit."

On September 2, 2020, Greer, along with the State, filed a stipulation to dismiss the appeal. Accordingly, the Court of Appeals issued a mandate dated September 3, 2020, ordering the appeal be dismissed. The order on the mandate was filed September 11.

Meanwhile, Greer filed a second notice of appeal with the application to proceed in forma pauperis and a valid affidavit in support of the application on September 3, 2020. This appeal was docketed as case No. A-20-639.

## ASSIGNMENT OF ERROR

Greer assigns that the district court abused its discretion by imposing an excessive sentence because the district court failed to adequately consider mitigating factors.

## STANDARD OF REVIEW

[1] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[1]

[2] A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court.[2] A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition.[3]

## ANALYSIS

### Jurisdiction

[3] It is the power and duty of an appellate court to determine whether it has jurisdiction over the matter before it, irrespective of whether the issue is raised by the parties.[4] Citing *L. J. Vontz Constr. Co. v. City of Alliance*[5] and *In re Estate of Marsh*,[6] the Court of Appeals requested that the parties brief the issue of whether the prior dismissal of case No. A-20-606—without addressing its merits—acted as an affirmance of the judgment, which operated as res judicata in relation to the appeal in case No. A-20-639. Both parties believe this court has jurisdiction over this refiled appeal. We agree.

---

[1] *Porter v. Porter, ante* p. 167, 959 N.W.2d 235 (2021).

[2] *State v. Gray*, 307 Neb. 418, 949 N.W.2d 320 (2020).

[3] *Id.*

[4] *Porter, supra* note 1.

[5] *L. J. Vontz Constr. Co. v. City of Alliance*, 243 Neb. 334, 500 N.W.2d 173 (1993).

[6] *In re Estate of Marsh*, 145 Neb. 559, 17 N.W.2d 471 (1945).

[4-6] Neb. Rev. Stat. § 25-1912 (Cum. Supp. 2020) governs appellate jurisdiction and sets out the requirements for an appeal to be perfected in the appellate court. Section 25-1912 requires that a notice of appeal must be filed and the required docket fee deposited in the office of the clerk of the district in which a judgment and sentence upon conviction was rendered within 30 days after the entry of such judgment. An appeal is deemed perfected and the appellate court shall have jurisdiction of the cause when such notice of appeal has been filed and the required docket fee has been deposited in the office of the clerk of the district court.[7] In lieu of depositing the required docket fee, Neb. Rev. Stat. § 29-2306 (Reissue 2016) allows a criminal defendant to request to proceed in forma pauperis on appeal, and, in this situation, a poverty affidavit serves as a substitute for the docket fee otherwise required upon appeal.[8] An in forma pauperis appeal is perfected when the appellant timely files a notice of appeal and a proper affidavit of poverty.[9]

*L. J. Vontz Constr. Co.* and *In re Estate of Marsh* both state the general rule that the dismissal of an appeal from an appellate court without an examination of the case upon its merits operates as an affirmance of the judgment appealed or attempted to be appealed from.[10] But both of these cases are factually distinguishable from this matter. In both cases, the dismissed appeals were properly perfected prior to their dismissals. Here, Greer failed to perfect his first attempt to appeal due to an expired notary stamp on the affidavit accompanying Greer's application to proceed in forma pauperis. Therefore, in this case, appellate court jurisdiction had never been established.

---

[7] *State v. Melton*, 308 Neb. 159, 953 N.W.2d 246 (2021). See § 25-1912(4).

[8] *Melton, supra* note 7.

[9] *Id*.

[10] *L. J. Vontz Constr. Co., supra* note 5; *In re Estate of Marsh, supra* note 6.

Despite the absence of a properly perfected appeal, the parties stipulated that the appeal would be dismissed. Greer then properly perfected his second attempt to appeal within the 30-day filing limitation established by § 25-1912.

Since Greer did not perfect his first appeal attempt, appellate jurisdiction was never established to allow the determination of any question relative to Greer's appeal and nothing was presented for review.[11] For that reason, Greer's first appeal was a procedural and legal nullity. As we have often stated in other contexts, "'[n]othing comes from nothing.'"[12] Therefore, appellate jurisdiction was established when Greer properly perfected his second attempt to appeal.

## Excessive Sentence

Greer alleges that the sentence of 19 to 20 years' imprisonment imposed for his second degree assault conviction was excessive because the district court did not seriously or adequately consider all of the mitigating sentencing factors, specifically Greer's age, education and experience, mentality, criminal history, and the circumstances of the offense. Greer argues that the district court did not tailor his sentences to fit him as the offender, but instead imposed the sentence to fit the crime.

[7] Greer's conviction for second degree assault, a Class IIA felony, is punishable by no minimum and a maximum of 20 years' imprisonment.[13] When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles.[14]

---

[11] See *State v. Miller*, 240 Neb. 297, 481 N.W.2d 580 (1992).

[12] *Id.* at 299, 481 N.W.2d at 581.

[13] See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2020).

[14] *Gray, supra* note 2.

[8,9] When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime.[15] The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life.[16]

We review the sentence imposed for an abuse of discretion.[17] A judicial abuse of discretion exists only when the reasons or rulings of a trial judge are clearly untenable, unfairly depriving a litigant of a substantial right and denying a just result in matters submitted for disposition.[18]

Greer was 51 years old at the time of sentencing and had two prior DUI convictions. He had a poor history of performance while on probation and was operating his motor vehicle in violation of a court's license revocation order at the time of the offense. Greer was driving with a blood alcohol content of .311 of a gram of alcohol per 100 milliliters of his blood and acknowledged to the probation officer that he was aware that he should not have been driving. Finally, while Greer perhaps showed some remorse for his actions, such remorse does not counteract the lifelong effects of Greer's choice to drink and drive on his victim and her family.

The district court recognized the appropriate factors when imposing Greer's sentence. The district court stated on the

---

[15] *Id.*

[16] *Id.*

[17] *Id.*

[18] *Id.*

record that it considered the PSR, which included information for all of the factors to be considered by a sentencing court. Though it may be good practice for district courts to provide a record of their reasoning, we do not require the sentencing court to articulate on the record that it has considered each sentencing factor nor to make specific findings as to the facts pertaining to the factors or the weight given them.[19]

Greer also argues that the sentence imposed fits only the crime and not the offender. We disagree. The sentence imposed properly reflected the seriousness of the crime committed, the long-lasting effect on the victim and her family, and Greer's prior criminal record and performance on probation. Considering the totality of the circumstances, we cannot say that the district court's sentence was untenable. We find the district court did not abuse its discretion in imposing a sentence of 19 to 20 years' imprisonment in this matter.

## CONCLUSION

For the foregoing reasons, the district court's judgment is affirmed.

Affirmed.

---

[19] See *State v. McCulley*, 305 Neb. 139, 939 N.W.2d 373 (2020).