IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. ARVISO LICANO

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

JOSE L. ARVISO LICANO, APPELLANT.

Filed May 31, 2022.    No. A-21-719.

Appeal from the District Court for Saline County: VICKY L. JOHNSON, Judge. Affirmed in part, and in part vacated and remanded for resentencing.

Bradley T. Kalkwarf, of Kalkwarf & Smith Law Offices, L.L.C., for appellant.

Douglas J. Peterson, Attorney General, and Siobhan E. Duffy for appellee.

PIRTLE, Chief Judge, and RIEDMANN and WELCH, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Jose L. Arviso Licano (Licano) appeals his plea-based convictions and sentences, assigning only that the district court abused its discretion in imposing excessive sentences. For the reasons that follow, we affirm one of the sentences but vacate the remaining two sentences and remand the cause for resentencing.

## BACKGROUND

Licano was originally charged with count I, criminal attempt (robbery); count II, use of a deadly weapon to commit a felony; count III, operating a motor vehicle to avoid arrest; count IV, obstructing a peace officer; count V, resisting arrest; count VI, willful reckless driving; and count VII, disturbing the peace. Pursuant to a plea agreement with the State, he pled guilty to counts I, III, and IV, and the remaining charges were dismissed.

- 1 -

The charges resulted from an incident on the evening of February 7, 2021, where Crete police officers were dispatched to a location on a report of a robbery. Upon arrival, the officers contacted the owner of a store, who was standing outside. The store owner reported that an individual, later identified as Licano, had left the area in a black car. Prior to that, Licano had entered the store just as the owner was getting ready to lock the door for the day and told the store owner to leave the store. Licano was wearing gray pants, a gray sweatshirt, and a mask covering his face. There was CCTV camera footage of the incident, and Licano can be seen escorting the owner out of the store. While doing so, Licano pulled a knife out of his pocket, and he can be seen on the footage holding it with his right hand down to his side until the owner was out of the store and the door was closed. Licano can then be seen reentering the store and going behind the counter where he attempted to enter the safe and cash drawer. He was unable to open the safe and can then be seen leaving the store. There were several rolls of coins on the floor behind the counter, but it was unknown if anything was taken from the store.

The officers began looking for Licano's vehicle when they observed it in the parking lot of a gas station in Crete, Saline County, Nebraska. As an officer approached the vehicle, he observed Licano in the driver's seat and advised him several times to place his hands out of the vehicle. Licano continued to move his hands in and out of the vehicle, and after refusing to follow the officer's commands, he reversed the vehicle and left the parking lot, nearly striking several officers. There was a pursuit of the vehicle through Crete, and eventually it was found "wrecked" in the southeast corner of an intersection, having been driven into some snow.

The district court accepted Licano's pleas and found him guilty. He was sentenced on count I to 12 to 20 years' imprisonment, on count III to 2 years' imprisonment, and on count IV to 1 year imprisonment. The sentences were ordered to run concurrently. His driver's license was also revoked for 2 years. Licano appeals.

## ASSIGNMENT OF ERROR

Licano assigns that the district court abused its discretion in imposing excessive sentences.

## STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022).

Plain error may be found on appeal when an error unasserted or uncomplained of at trial is plainly evident from the record, affects a litigant's substantial right, and, if uncorrected, would result in damage to the integrity, reputation, and fairness of the judicial process. *State v. Guzman*, 305 Neb. 376, 940 N.W.2d 552 (2020).

## ANALYSIS

Licano argues that the sentences the district court imposed constitute an abuse of discretion. Criminal attempt (robbery) is a Class IIA felony, punishable by up to 20 years' imprisonment. Neb. Rev. Stat. §§ 28-201, 28-324 & 28-105 (Reissue 2016 & Cum. Supp. 2020). Operating a motor vehicle to avoid arrest is a Class IV felony, which carries a maximum term of 2 years' imprisonment. Neb. Rev. Stat. § 28-905 (Reissue 2016); § 28-105. Obstructing a peace officer is

a Class I misdemeanor, which has a maximum sentence of 1 year imprisonment. Neb. Rev. Stat. §§ 28-906 & 28-106 (Reissue 2016). Thus, Licano's sentences are within the statutory limits, and we review them for an abuse of discretion.

When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles. *State v. Blake, supra*. A judicial abuse of discretion exists only when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *Id*. The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Licano was 32 years old at the time of sentencing. His criminal history includes convictions in 2011 for robbery and two counts of aiding and abetting a Class II felony, which resulted in a sentence of 16 to 22 years in prison. At sentencing in this case, his counsel acknowledged that Licano was still on parole from the 2011 sentence when he committed the present crimes, so Licano believed that at the conclusion of this case, he would be remanded to custody in order to serve the remaining 2 years on his previous sentence. His counsel admitted that therefore "probation is probably just not going to be an option in this case. He understands that." Licano also has convictions for minor in possession, assault by mutual consent, attempt of a Class IIIA or Class IV felony, and refusal to submit to a breath test.

Licano admits that he has alcohol and methamphetamine addictions. According to the presentence investigation report (PSR), he drinks alcohol and uses methamphetamine daily. At sentencing, Licano personally admitted that he had been out of prison for only 6 months and was doing well until he "picked up that first drink," which led to a domino effect of bad decisions culminating in these crimes. He has been diagnosed with anxiety, depression, and post-traumatic stress disorder and reports that he drinks to self-medicate.

Licano argues that at sentencing, the district court referenced the use of a knife to terrify the store owner, but asserts that there is nothing in the record to support that assumption. Despite his argument, the PSR quotes from the police report and the affidavit of probable cause for arrest in which the responding officer wrote that the CCTV camera footage showed Licano enter the store and, a short time later, exit the store, escorting the store owner out. The report continues, "While walking [the store owner] out of the store, Licano pulls a knife out of his pocket and can be seen holding it with his right hand down at his side until [the store owner] is out of the store and the door is closed."

In a victim impact statement included in the PSR, the store owner wrote, "'The offender came in to try to steal from my business, as well as threaten me with a weapon he had hidden.'" Further, a supplemental police report details the search of Licano's vehicle and the discovery of a stainless steel folding knife on the front passenger floor. And at sentencing, the court reasoned, "I

think it's fair to say that you probably terrified the gentleman that you attempted to rob. . . . There was a knife used to -- which, as I said, had to terrify the store owner."

Licano also argues that the district court's decision to sentence him to the maximum sentences with such few findings flies in the face of the requirements contained in case law. Stated differently, he asserts that the court failed to identify the factors that it relied on in reaching its sentences.

Though it may be good practice for district courts to provide a record of their reasoning, we do not require the sentencing court to articulate on the record that it has considered each sentencing factor nor to make specific findings as to the facts pertaining to the factors or the weight given them. *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021). Here, the court specified that it received and reviewed the PSR, which included information for all of the factors to be considered by a sentencing court. See *id*. Additionally, the court articulated certain factors that it relied upon in determining an appropriate sentence, including the nature and circumstances of the offense, Licano's prior criminal record, and his alcohol addiction. And those factors supported the sentence imposed by the court. Given the foregoing, we cannot find that the district court abused its discretion in imposing excessive sentences.

We do, however, find plain error in two of the sentences. Licano was sentenced for a Class IIA felony, a Class IV felony, and a Class I misdemeanor. The district court properly imposed an indeterminate sentence of 12 to 20 years for the Class IIA felony. See Neb. Rev. Stat. § 29-2204 (Cum. Supp. 2018). However, the court improperly imposed determinate sentences for both the Class IV felony and Class I misdemeanor. With respect to the Class IV felony,

[f]or any sentence of imprisonment for a Class . . . IV felony . . . imposed consecutively or concurrently with . . . a sentence of imprisonment for a Class . . . IIA . . . felony, the court shall impose an indeterminate sentence within the applicable range in section 28-105 that does not include a period of post-release supervision, in accordance with the process set forth in section 29-2204.

Neb. Rev. Stat. § 29-2204.02(4) (Reissue 2016). Thus, here, the sentence for the Class IV felony should have been indeterminate, because it was imposed consecutively or concurrently with a sentence of imprisonment for a Class IIA felony.

Likewise, the sentence for the misdemeanor should have been indeterminate.

For any sentence of imprisonment for a misdemeanor imposed consecutively or concurrently with a sentence of imprisonment for a Class . . . IV felony for an offense committed on or after August 30, 2015, the court shall impose a determinate sentence within the applicable range in section 28-106 unless the person is also committed to the Department of Correctional Services in accordance with section 29-2204 for . . . a sentence of imprisonment for a Class . . . IIA felony.

§ 29-2204.02(5).

The State argues that because the sentences here were all to be served concurrently, the erroneous determinate sentences were subsumed by the 12 to 20 year sentence for the Class IIA felony, and thus, any error is essentially harmless. The Nebraska Supreme Court addressed a situation similar in *State v. Guzman*, 305 Neb. 376, 940 N.W.2d 552 (2020). There, the defendant

was sentenced to 12 to 20 years for a Class II felony and a concurrent sentence of 2 years for a Class IV felony. The Supreme Court found plain error in the imposition of a determinate sentence for the Class IV felony even though it was ordered to be concurrent with the 12 to 20 year sentence for the Class II felony. It also recognized that an appellate court has the power on direct appeal to remand a cause for the imposition of a lawful sentence where an erroneous one has been pronounced. See *id*. The Supreme Court therefore vacated the sentence for the Class IV felony and remanded for resentencing on that count only. We do the same here and vacate Licano's sentences for operating a motor vehicle to avoid arrest and obstructing a peace officer and remand the cause for resentencing on those counts only.

## CONCLUSION

We conclude that the district court did not impose excessive sentences. However, because the court erred by imposing determinate sentences for the operating a motor vehicle to avoid arrest and obstructing a peace officer convictions, we vacate those sentences and remand the cause for resentencing on those counts only.

AFFIRMED IN PART, AND IN PART VACATED AND REMANDED FOR RESENTENCING.