IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. RUSSELL

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

SHAWNE L. RUSSELL, APPELLANT.

Filed April 23, 2024.    No. A-23-1000.

Appeal from the District Court for Dawes County: TRAVIS P. O'GORMAN, Judge. Affirmed.

Jerrod P. Jaeger, of Jaeger Law Office P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Teryn R. Blessin for appellee.

PIRTLE, Chief Judge, and RIEDMANN and WELCH, Judges.

PIRTLE, Chief Judge.

## INTRODUCTION

Shawne L. Russell was convicted in the district court for Dawes County on one count of third degree assault, two counts of attempted possession of a deadly weapon by a prohibited person, and one count of unauthorized use of a motor vehicle. He was sentenced to 1 year's imprisonment on count I, 25 to 30 years' imprisonment on count II, 25 to 30 years' imprisonment on count III, and 45 days' imprisonment on count IV. These sentences were ordered to run concurrently with one another, but consecutively to the sentence he was already serving. On appeal, Russell assigns the district court abused its discretion by imposing excessive sentences and that his trial counsel was ineffective. For the following reasons, we affirm.

## BACKGROUND

On October 28, 2021, Russell and another man, Aaron Arnold, got into a fight that resulted in serious injuries to Arnold. Both parties had been drinking heavily when the fight ensued. After

- 1 -

the fight ended with Arnold falling unconscious, Russell stole his vehicle and two of his firearms. Arnold was taken to the hospital where it was discovered that he had a broken jaw, a brain bleed, and facial fractures.

Law enforcement later located Russell who admitted to assaulting Arnold and stealing his vehicle and firearms. However, Russell claimed the altercation began when Arnold pointed a gun at his head. He stated that after Arnold shot a round at him and missed, he punched and stomped on Arnold's head multiple times. He then told law enforcement where he hid the two firearms, and they were recovered at that location. Due to a prior felony conviction, Russell was prohibited from possessing firearms.

On December 14, 2021, Russell was charged with six felonies and two misdemeanors. Because he was unable to get released on bond, he remained in custody while he awaited his trial date. At some point while Russell was in custody, he was charged with assault by a confined person. On April 7, 2022, he was convicted of this charge and sentenced to 364 days in jail and 9 months' post-release supervision.

On September 26, 2023, Russell accepted a plea agreement where he pled no contest to four charges: (1) third degree assault, a Class I misdemeanor; (2) attempted possession of a firearm by a prohibited person, a Class II felony; (3) attempted possession of a firearm by a prohibited person, a Class II felony; and (4) unauthorized use of a motor vehicle, a Class III misdemeanor. The district court accepted Russell's pleas, convicted him of the charges, and ordered the completion of a presentence investigation report (PSI).

Russell's sentencing hearing took place on November 7, 2023. At the hearing, the court heard from Russell's attorney. She stated that Russell's actions were done out of fear because Arnold had pointed a gun at him, and that Russell did not intend to cause the injuries he inflicted. She also spoke about how Russell felt remorse for his actions and had taken steps in jail to better himself. This included taking a parenting class and participating in alcohol abuse courses. She also told the court that Russell sought to be better for the benefit of his three children and said that he was prepared to find a job once he was released.

Prior to levying its sentence, the court stated:

I've carefully considered your [PSI]. In arriving at your sentence, I've considered your age, your mentality, your education, your experience, your social and cultural background, as well as your past criminal record.

You know, you do have a long, violent criminal history with a subsequent assault by a confined person which you're serving time for now. You know, the assault at issue in this case resulted in a broken jaw, a brain bleed, facial fractures. You're lucky it didn't result in a death. The PSI lists you as a high risk to reoffend.

I think that anything less than a period of incarceration would depreciate the seriousness of the offense and promote a disrespect for the law.

The district court proceeded to sentence Russell to 1 year's imprisonment on the third degree assault charge, 25 to 30 years' imprisonment on each attempted possession of a deadly weapon by a prohibited person charge, and 45 days' imprisonment on the unauthorized use of a motor vehicle charge. These charges were ordered to run concurrently to one another, but consecutively to any other sentence currently being served.

Prior to his sentencing hearing, Russell had been in custody for 741 days. However, because he was sentenced to 365 days in jail for his assault by a confined person conviction, he was only credited with 376 of those days.

ASSIGNMENTS OF ERROR

Restated, Russell assigns the district court abused its discretion in imposing excessive sentences. Additionally, he assigns that he received ineffective assistance of counsel because his trial counsel failed to adequately communicate with him and provided him with misstatements of law concerning a potential claim of self-defense.

STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Alkazahy*, 314 Neb. 406, 990 N.W.2d 740 (2023).

Whether a claim of ineffective assistance of trial counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirements. *State v. Warner*, 312 Neb. 116, 977 N.W.2d 904 (2022); *State v. Betts*, 31 Neb. App. 737, 989 N.W.2d 441 (2023). An appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id.*

ANALYSIS

*Excessive Sentences.*

Russell first assigns the district court abused its discretion when it excessively sentenced him. He asserts that his cumulative sentence of 25 to 30 years' imprisonment is unreasonable given the underlying crimes and his history of alcohol abuse and mental illness.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense, and (8) the amount of violence involved in the commission of the crime. *State v. Roth*, 311 Neb. 1007, 977 N.W.2d 221 (2022). However, it is not necessary for a sentencing court to articulate on the record that it has considered each sentencing factor nor to make specific findings as to the facts pertaining to the factors or the weight given to them. *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021).

Russell's conviction for third degree assault is a Class I misdemeanor, which carries a 1-year maximum term of imprisonment or a $1,000 fine, or both. Neb. Rev. Stat. § 28-106 (Cum. Supp. 2022). For that conviction, he was sentenced to 1 year's imprisonment. His two convictions for attempted possession of a deadly weapon by a prohibited person are Class II felonies, punishable by a minimum 1 year's imprisonment and a maximum of 50 years' imprisonment. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2022). For each of those convictions, Russell was sentenced to 25 to 30 years' imprisonment. His conviction for unauthorized use of a motor vehicle is a Class

III misdemeanor, which carries a maximum term of 3 months' imprisonment or a $500 fine, or both. § 28-106. For that conviction, he was sentenced to 45 days' imprisonment. Accordingly, Russell's sentences were within the appropriate statutory ranges.

When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles. *State v. Roth, supra*. A judicial abuse of discretion exists only when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

Based on Russell's criminal history, risk assessment scores, and history of violence, we determine the district court did not abuse its discretion in sentencing him to a cumulative 25 to 30 years' imprisonment.

Russell has a lengthy criminal history that involves multiple violent offenses. In 2013, he was convicted of third degree assault and disturbing the peace. In 2014, he was convicted for third degree assault again. In 2015, he was convicted of driving under the influence–first offense. In May 2016, he was convicted of driving under the influence–second offense and then in October he was convicted of first degree assault. In March 2017, he was convicted for driving under suspension and then in May he was convicted for first degree assault. In 2018, he was extradited to South Dakota as a fugitive from justice. Also in 2018, he was convicted in Colorado for driving under restraint–alcohol related and for making a false report.

Throughout 2019, Russell had multiple convictions in South Dakota. In March 2019, he was convicted for obstruction and resisting arrest, in July he was convicted for aggravated eluding of law enforcement, and in August he was convicted for simple assault. Then in October he was convicted in Nebraska for third degree assault and criminal mischief. Additionally, in December he was convicted on another charge for third degree assault in Nebraska. In 2020, he was convicted for assault by mutual consent. In 2021, he was extradited to Colorado as a fugitive from justice. Also in 2021, he was charged with the underlying charges in this matter. Subsequently, in 2022, he was convicted for assault by a confined person.

In totaling the sentences imposed for the above-described convictions, which was missing the dispositions for some of Russell's out-of-state convictions, Russell's PSI reflects that throughout his 29 years of life, he has been sentenced to a cumulative 1,869 days in jail, or approximately 5.1 years. This record demonstrates that each time Russell was released from incarceration, he reoffended shortly afterward.

Given Russell's history of recidivism it is no surprise that his Level of Service/Case Management inventory scored him as a "Very High" risk to reoffend. On each metric of this assessment, Russell scored in the "High" or "Very High" range. He scored as a "High" risk in the criminal history, education/employment, family/marital, leisure/recreation, alcohol/drug problem, procriminal attitude, and antisocial pattern categories. He also scored as a "Very High" risk in the companions category. On his Simple Screening Instrument and Standardized Risk Assessment Reporting Format, he scored as a "Moderate to High" risk for alcohol or drug abuse. And on his Standardized Risk Assessment Reporting Format, he was assessed as a "High Risk."

In addition to Russell's criminal history and risk assessments, we also note the circumstances of his convictions. Russell admitted to punching Arnold in the head five times and stomping on his head after he had fallen. He also admitted to stealing Arnold's firearms and hiding

them when he was prohibited from possessing them. Russell's attack on Arnold caused severe and life-threatening injuries that not only involved a broken jaw and facial fractures, but also bleeding in his brain. After reviewing Russell's criminal history, this act of violence does not appear to be out of character and displays a continuation of his violent tendencies.

Given Russell's criminal history, risk of recidivism, and pattern of violence, we conclude that the district court did not abuse its discretion in sentencing him to a cumulative 25 to 30 years' imprisonment.

*Ineffective Assistance of Counsel.*

Russell also assigns that he received ineffective assistance of counsel. He assigns his trial counsel was ineffective for (1) not adequately communicating with him and for (2) giving him erroneous legal advice concerning a possible self-defense claim.

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record; otherwise, the issue will be procedurally barred in a subsequent postconviction proceeding. *State v. Betts*, 31 Neb. App. 737, 989 N.W.2d 441 (2023). The fact that an ineffective assistance of counsel claim is raised on direct appeal does not necessarily mean that it can be resolved. *Id.* The determining factor is whether the record is sufficient to adequately review the question. *Id.*

To prevail on a claim of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. *State v. Betts, supra*. To show that counsel's performance was deficient, the defendant must show counsel's performance did not equal that of a lawyer with ordinary training and skill in criminal law. *Id.* To show prejudice under the prejudice component of the *Strickland* test, the defendant must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different. *State v. Betts, supra*. When a conviction is based upon a plea of no contest, the prejudice requirement for an ineffective assistance of counsel claim is satisfied if the defendant shows a reasonable probability that but for the errors of counsel, the defendant would have insisted on going to trial rather than pleading no contest. *Id.* A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

*Communication With Attorney.*

Russell assigns his trial counsel was ineffective for failing to adequately communicate with him. He asserts that throughout the time he spent in custody, his attorney only visited him once. More so, he claims his trial counsel rarely called him and when she did call, the duration was limited due to jail rules. Russell contends this failure to communicate prejudiced him because he was unable to share important information concerning several witnesses with his attorney.

We determine the record is insufficient to review this claim on direct review. At several of the pretrial hearings, the record reflects instances where Russell's trial counsel expressed her intent to meet with him and call him. Additionally, there are a few times during these hearings where she indicated that she had communicated with Russell to provide him with discovery materials, discuss

his plea agreement, and to discuss his ability to post a bond. While the record contains some information regarding Russell's contact with his attorney, we do not believe these mere indications of communication are sufficient for a proper review. Therefore, we determine the record is insufficient to review Russell's claim on direct appeal.

*Self-Defense Claim.*

Russell next assigns his trial counsel was ineffective for telling him that there was no self-defense under Nebraska law and that there was no hope to win at trial. The record contains no discussions between him and his attorney about claiming self-defense. Nor does the record contain any discussions between him and his attorney regarding his odds at trial. Therefore, we determine the record is insufficient to review this claim on direct review.

CONCLUSION

We conclude the district court did not abuse its discretion in sentencing Russel to a cumulative 25 to 30 years' imprisonment and that the record is insufficient to review Russell's claims of ineffective assistance on direct appeal.

AFFIRMED.