IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. IRONCLOUD

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

AMANDA R. IRONCLOUD, APPELLANT.

Filed December 10, 2024.    No. A-24-287.

Appeal from the District Court for Lancaster County: JODI L. NELSON, Judge. Affirmed.

Preston Mostek, of Preston Mostek Attorney at Law, L.L.C., for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

PIRTLE, ARTERBURN, and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

Amanda R. Ironcloud appeals her plea-based conviction for attempted possession of methamphetamine. She contends that the sentence imposed was excessive and that her trial counsel was ineffective in failing to file a motion to suppress or to explain a motion to suppress to her. For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

On August 25, 2023, Lancaster County Narcotics Task Force investigators were conducting surveillance when they identified an individual known to be involved in the use and sale of methamphetamines standing outside a gas station in Lincoln, Nebraska. They observed Ironcloud, who was holding her 1-year-old grandchild, contact that individual in what appeared to be a narcotics transaction. Investigators arrested the seller and Ironcloud, both of whom had outstanding warrants. During the search of Ironcloud's purse conducted pursuant to her arrest,

investigators located a loaded syringe containing what was later confirmed to be methamphetamine.

The State charged Ironcloud with possession of methamphetamine, a Class IV felony. Pursuant to a plea agreement, Ironcloud pled guilty to a reduced charge of attempted possession of methamphetamine, a Class I misdemeanor.

At the sentencing hearing, the district court stated that it had reviewed the presentence investigation report and stated to Ironcloud that "[y]our record is terrible" and "is just full of all kinds of crimes." The court noted that Ironcloud had been sentenced to jail, sentenced to prison, violated parole, and had been placed on post-release supervision. However, the court observed that Ironcloud "always violated those terms and conditions of any sort of supervision, at each juncture. And if I'm not mistaken you were on [post-release supervision] at the time of this event" and you were "carrying around loaded syringes with meth[amphetamine] when you're on post-release supervision. I mean, this does not bode well."

The court stated that, "having regard for the nature and circumstances of this crime and your history, character, and condition, I absolutely find that imprisonment is necessary for the protection of the public" and that, "the risk is substantial that, during any period of probation, you would engage in additional criminal conduct, and I certainly find that a lesser sentence would depreciate the very, very serious nature of this crime and promote disrespect for the law." The district court sentenced Ironcloud to 365 days' imprisonment with the sentence ordered to run consecutively to any other sentence that Ironcloud was currently serving. Ironcloud has timely appealed to this court and is represented by different appellate counsel.

## ASSIGNMENTS OF ERROR

Ironcloud contends that (1) the sentence imposed is excessive and (2) trial counsel was ineffective in failing to file a motion to suppress or explain a motion to suppress to her.

## STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Alkazahy*, 314 Neb. 406, 990 N.W.2d 740 (2023).

Whether a claim of ineffective assistance of counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Npimnee*, 316 Neb. 1, 2 N.W.3d 620 (2024). In reviewing a claim of ineffective assistance of counsel on direct appeal, an appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id.*

## ANALYSIS

### EXCESSIVE SENTENCE

Ironcloud's first assignment of error is that the sentence imposed was excessive. She acknowledges that the sentence is within the statutory limits but argues that the court erred in ordering her sentence to run consecutively to the 10-month sentence she was already serving.

It is within the discretion of the trial court to impose consecutive rather than concurrent sentences for separate crimes. *State v. Mora*, 298 Neb. 185, 198, 903 N.W.2d 244, 256 (2017).

Ironcloud was convicted of attempted possession of methamphetamine, a Class I misdemeanor. See, Neb. Rev. Stat. § 28-201(4)(e) (Reissue 2016) (criminal attempt); Neb. Rev. Stat. § 28-416(3) (Cum. Supp. 2022). Ironcloud's sentence of 365 days' imprisonment is within the statutory sentencing range for Class I misdemeanors which are punishable by no minimum and a maximum of 1 year of imprisonment, a $1,000 fine, or both. See Neb. Rev. Stat. § 28-106 (Reissue 2016). Ironcloud received a benefit from her plea agreement in which a Class IV felony was reduced to a Class I misdemeanor.

It is well established that an appellate court will not disturb sentences within the statutory limits unless the district court abused its discretion in establishing the sentences. *State v. Morton*, 310 Neb. 355, 966 N.W.2d 57 (2021). When sentences imposed within statutory limits are alleged on appeal to be excessive, the appellate court must determine whether the sentencing court abused its discretion in considering well-established factors and any applicable legal principles. *Id*.

The relevant factors for a sentencing judge to consider when imposing a sentence are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Here, the district court stated that it had reviewed the presentence investigation report which included information concerning all of the factors to be considered by a sentencing court. See *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021). Further, a sentencing court is not required to articulate on the record that it has considered each sentencing factor nor to make specific findings as to the facts pertaining to the factors or the weight given them. *Id*.

The presentence investigation report indicated that Ironcloud is 43 years old, single, and had earned a GED. She has a substantial criminal history including four convictions for second offense theft by shoplifting ($0-$500); three convictions each for possession of a controlled substance and failure to appear; two convictions each for possession of drug paraphernalia, trespassing, attempted possession of a controlled substance, and second degree forgery ($500-$1,500); and single convictions for possession of methamphetamine, first offense DUI, second degree forgery ($300 or less), second degree criminal trespass, aiding and abetting theft by deception ($200-$500), theft by shoplifting ($0-$200) and theft by unlawful taking ($1,500-$5,000), as well as other convictions for minor crimes and traffic offenses. Subsequent to

the current offense, Ironcloud was convicted of stealing money or goods less than $500, driving on a suspended license, and failure to appear. The level of service/case management inventory assessed Ironcloud as a very high risk to reoffend. The PSR also reflects that Ironcloud has issues with drugs. Ironcloud admitted to the daily use of both methamphetamine and marijuana and admitted that she was under the influence of methamphetamine at the time of the current offense.

In sum, based on factors including that Ironcloud's sentence was within the statutory sentencing range, her extensive criminal history, the benefit she received from her plea agreement, and her high risk to reoffend, the sentence imposed, including the requirement that the sentences be served consecutively to any sentence that Ironcloud was currently serving, was not an abuse of discretion. This assignment of error fails.

### INEFFECTIVE ASSISTANCE OF COUNSEL

Ironcloud's second assignment of error is that her trial counsel was ineffective in failing to file a motion to suppress or explain a motion to suppress to her.

Before addressing this claim, we first review the law in connection with ineffective assistance of counsel claims raised on direct appeal. In *State v. Lierman*, 305 Neb. 289, 940 N.W.2d 529 (2020), the Nebraska Supreme Court stated:

> In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance.

> When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Once raised, the appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims.

> In order to know whether the record is insufficient to address assertions on direct appeal that trial counsel was ineffective, appellate counsel must assign and argue deficiency with enough particularity (1) for an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) for a district court later reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court. When a claim of ineffective assistance of trial counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel.

And, as the Nebraska Supreme Court stated in *State v. Parnell*, 305 Neb. 932, 945-46, 943 N.W.2d 678, 688 (2020):

> To prevail on a claim of ineffective assistance of counsel under *Strickland*, the defendant must show that his or her counsel's performance was deficient and that this deficient performance actually prejudiced the defendant's defense. To show prejudice

under the prejudice component of the *Strickland* test, the defendant must demonstrate a reasonable probability that but for his or her counsel's deficient performance, the result of the proceeding would have been different. A reasonable probability does not require that it be more likely than not that the deficient performance altered the outcome of the case; rather, the defendant must show a probability sufficient to undermine confidence in the outcome.

The Nebraska Supreme Court has held that when an appellant claims his or her trial counsel was ineffective for failing to file a motion but fails to explain with sufficient particularity the subject of the motion or why there would have been grounds for filing the motion, the appellant fails to sufficiently allege deficient performance. See *State v. Blake*, 310 Neb. 769, 969 N.W.2d 399 (2022). Counsel is not deficient for failing to file a meritless motion, and appellate courts will not search the record to determine the possible grounds for pretrial motions an appellant on direct appeal asserts trial counsel was deficient in failing to make. *Id.* Furthermore, without specifying the statements and evidence appellant believes trial counsel should have sought to suppress, a postconviction court will be unable to identify whether the same claim was brought before the appellate court. *Id.* Allegations on direct appeal of ineffective assistance of trial counsel for failing to make a motion under some broad category, such as motion to suppress, without more detail as to the subject of and grounds for the motion, are, like claims for failing to investigate or call "witnesses," mere placeholders. *Id*.

Here, Ironcloud's allegation regarding trial counsel's ineffectiveness in failing to file a motion to suppress fails to sufficiently allege deficient performance. She does not identify with particularity the subject matter or grounds for the filing of a motion to suppress. Due to Ironcloud's failure to allege this claim with sufficient particularity, the claim is not preserved for further review.

We further find that the record refutes Ironcloud's allegation of ineffective assistance of trial counsel for failing to explain a motion to suppress to her. During the plea hearing, the following colloquy occurred between the court, Ironcloud, and defense counsel:

THE COURT: If you have made any statements, admissions, or confessions to law enforcement or any other public official about this case, you are entitled to a separate hearing to have me determine whether such statement, admission, or confession was made by you freely, voluntarily, knowingly, and intelligently.

If at that hearing I found that any one or more of those items was missing, then that statement, admission, or confession could not be used against you at the time of a trial. Do you understand that?

[Ironcloud:] Yes, Ma'am.

THE COURT: If I accept your plea of guilty, you'll be waiving and giving up your right to have this type of hearing. Do you understand that?

[Ironcloud:] Yes.

THE COURT: Law enforcement officers may have taken evidence from you. If they did, you have a right to a separate hearing to have me determine whether any evidence taken from you was lawfully taken from you.

If at that hearing I found there was evidence not lawfully taken from you, then that evidence could not be used against you at the time of a trial. Do you understand that?

[Ironcloud:] Yes

THE COURT: If I accept your plea of guilty, you'll be waiving and giving up your right to have this type of hearing as well. Do you understand that?

[Ironcloud:] Yes

THE COURT: Has anyone connected with law enforcement or anyone else made any threat, in any manner whatsoever, used any force, or held out any inducement or promise, other than a plea agreement, to get you to come in here and give up any of the rights that I've just explained?

[Ironcloud:] No.

THE COURT: As I've explained these rights to you, have I used any words, phrases, or sentences that you've not understood?

[Ironcloud:] No.

THE COURT: Do you have any questions about any of these rights?

[Ironcloud:] No.

THE COURT: Have you had an opportunity to talk with [defense counsel] about all of these rights?

[Ironcloud:] Yes, ma'am.

THE COURT: Do you need anymore [sic] time to talk with her about your rights?

[Ironcloud:] No.

THE COURT: Do you waive, do away with, and give up all the rights that I've been explaining here today freely and voluntarily?

[Ironcloud:] Yes.

THE COURT: [Defense counsel,] have you, in fact, discussed all of these rights with your client?

[Defense Counsel:] Yes, Your Honor.

THE COURT: Do you believe that she understands her rights:

[Defense Counsel:] I do.

THE COURT: Do you believe she understands the consequences of waiving her rights?

[Defense Counsel:] Yes, I do.

THE COURT: And do you believe that her waiver is being made freely, voluntarily, knowingly, and intelligently?

[Defense Counsel:] Yes.

. . . .

THE COURT: Have you told [defense counsel] everything you know about this case?

[Ironcloud:] Yes.

THE COURT: Are you aware of anything that could be helpful to you in this case that you have not talked with her about?

[Ironcloud:] No.

THE COURT: Are you satisfied with the job she has done for you?

[Ironcloud:] Yes.

THE COURT: Do you believe she is a competent lawyer and knows what she's doing?

[Ironcloud:] Yes.

THE COURT: Has [defense counsel] refused or neglected to do anything that you have asked of her?

[Ironcloud:] No, she has not.

THE COURT: Have you had enough time to talk with her about this case?

[Ironcloud:] Yes.

THE COURT: Before we go any further, do you need anymore [sic] time to talk with her about anything?

[Ironcloud:] No.

The district court informed Ironcloud that she had the right to have a suppression hearing and that by pleading guilty she was waiving the right to a suppression hearing. Having been fully informed of these rights, Ironcloud pled guilty and waived her right to a suppression hearing. Ironcloud further confirmed that she was waiving her rights freely and voluntarily, that she did not have any questions about any of her rights, that she had the opportunity to talk with defense counsel regarding her rights, that she did not need additional time to talk with defense counsel about her rights, and that that her trial counsel had not refused to do anything that she had asked, which would include filing a motion to suppress. For these reasons, the record refutes Ironcloud's claim that her trial counsel was ineffective for failing to file a motion to suppress or failing explain a motion to suppress to her. This assignment of error fails and is not preserved for postconviction review.

CONCLUSION

Having considered and rejected Ironcloud's assigned errors, we affirm her conviction and sentence.

AFFIRMED.