IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. BECHER

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

ERIC C. BECHER, APPELLANT.

Filed December 17, 2024.    No. A-24-374.

Appeal from the District Court for Cass County: MICHAEL A. SMITH, Judge. Affirmed.

Todd A. West for appellant.

Michael T. Hilgers, Attorney General, and Jacob M. Waggoner for appellee.

PIRTLE, ARTERBURN, and WELCH, Judges.

PIRTLE, Judge.

### INTRODUCTION

Eric C. Becher was convicted of two Class IV felonies in the district court for Cass County. He was sentenced to two concurrent terms of 2 years' imprisonment and 9 months' post-release supervision. On appeal, he assigns the district court abused its discretion by imposing an excessive sentence. For the reasons that follow, we affirm.

### BACKGROUND

On October 1, 2023, Becher was pulled over for speeding and the officer smelled marijuana coming from his vehicle. After Becher admitted he had marijuana, the officer conducted a search of the vehicle and found an unlocked combination bag. This bag contained various drug paraphernalia, two plastic baggies containing marijuana, three plastic baggies containing a white, powdery substance, and one plastic baggie containing mushrooms. A field test was completed, and

- 1 -

the white powdery substance tested positive for cocaine and the mushrooms tested positive for psilocybin.

On November 2, 2023, Becher was charged with possession of a controlled substance with intent to distribute, cocaine, a Class II felony and distribution of a controlled substance, psilocybin, a Class IIA felony. Becher ultimately pled guilty to possession of a controlled substance, cocaine, a Class IV felony, and possession of a controlled substance, psilocybin, a Class IV felony.

A sentencing hearing was held on April 15, 2024. The State addressed the court first and requested that Becher be sentenced to a term of incarceration. The State argued that incarceration was appropriate because Becher was at a high risk to recidivate due to his prior drug related convictions. Specifically, in 2015, he was convicted of possessing a controlled substance and was sentenced to 1 year's imprisonment. And in 2016, he was convicted on three counts of possessing a controlled substance and two counts of delivering or distributing or manufacturing or possessing a controlled substance. For these respective convictions, he was sentenced to three periods of 20 months to 5 years' imprisonment and two terms of 3 to 5 years' imprisonment.

Becher's attorney then addressed the court and explained that Becher used narcotics to mitigate his chronic bladder pain, interstitial cystitis, gross hematuria, and chronic posthitis. He explained that Becher underwent extensive surgery for these conditions and was prescribed multiple medications for his pain. He also discussed that Becher was on disability due to his medical issues and held a medical marijuana card from Colorado. He continued to argue that Becher cooperated with law enforcement, took responsibility for his actions, and was participating in outpatient treatment. With this, he requested that Becher receive a term of probation.

Prior to levying Becher's sentence, the district court stated:

I have reviewed the Presentence Investigation, and I've considered your age, mentality, education, experience, past criminal record, and the nature of this offense, as well as your medical history, but based upon that I find substantial and compelling reasons why you cannot be effectively and safely supervised in the community on probation. Because a lesser sentence would depreciate the seriousness of the crime or promote disrespect for the law, incarceration -- necessary to protect the security of the public. The risk is substantial that during a period of probation you'll engage in additional criminal contact [sic], and I cannot find the circumstances are unlikely to occur.

The court then sentenced Becher to 2 years' imprisonment and 9 months' post-release supervision for each of his convictions. The sentences were ordered to run concurrently.

In the court's sentencing order, it provided further information as to why Becher was not sentenced to a term of probation. Specifically, it stated:

Pursuant to [Neb. Rev. Stat. § 29-2260 (Reissue 2016)], the court finds the following substantial and compelling reasons why [Becher] cannot effectively and safely be supervised in the community on probation:

A lesser sentence would depreciate the seriousness of the crime.

A lesser sentence would promote disrespect for the law.

Incarceration is necessary to protect the security of the public.

The risk is substantial that during a period of probation [Becher] will engage in additional criminal conduct.

The court cannot find that the circumstances are unlikely to recur.

Becher now appeals.

## ASSIGNMENT OF ERROR

Becher assigns the district court abused its discretion by imposing an excessive sentence.

## STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Horne*, 315 Neb. 766, 1 N.W.3d 457 (2024). An abuse of discretion takes place when the sentencing court's reasons or ruling are clearly untenable and unfairly deprive a litigant of a substantial right and a just result. *Id.*

## ANALYSIS

In Becher's lone assignment of error, he asserts his sentences are excessive because the district court did not adhere to the statutory presumption of probation for Class IV felony convictions. Specifically, Becher argues that the district court failed to articulate what the "substantial and compelling reasons" were for why he was not a proper fit for probation. He contends that if the district court had meaningfully applied the presumption of probation and properly accounted for the sentencing factors, it would have sentenced him to a term of probation.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *State v. Vaughn*, 314 Neb. 167, 989 N.W.2d 378 (2023). A sentencing court is not required to articulate on the record that it has considered each sentencing factor nor to make specific findings as to the facts pertaining to the factors or the weight given them, although it may be good practice for the court to provide a record of its reasoning. *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021). The sentencing court is not limited to any mathematically applied set of factors, but the appropriateness of the sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *State v. Vaughn, supra*.

However, § 29-2204.02 requires courts impose a sentence of probation for Class IV felony convictions unless:

(2) . . . (a) The defendant is concurrently or consecutively sentenced to imprisonment for any felony other than another Class IV felony;

(b) The defendant has been deemed a habitual criminal pursuant to section 29-2221; or

(c) There are substantial and compelling reasons why the defendant cannot effectively and safely be supervised in the community, including, but not limited to, the criteria in subsections (2) and (3) of section 29-2260. Unless other reasons are found to be present, that the offender has not previously succeeded on probation is not, standing alone, a substantial and compelling reason.

(3) If a sentence of probation is not imposed, the court shall state its reasoning on the record, advise the defendant of his or her right to appeal the sentence, and impose a sentence as provided by [§ 29-2204.02(1)].

In *State v. Baxter*, 295 Neb. 496, 506, 888 N.W.2d 726, 734 (2017), the Nebraska Supreme Court explained what sentencing courts need to do to satisfy § 29-2204.02(3):

Under § 29-2204.02(3), the court is required to state its "reasoning" rather than its "reasons" on the record. . . . We agree that "reasoning" means that the court should not simply supply a list of reasons, but, instead, should demonstrate how it reached its determination that there were substantial and compelling reasons. However, the requirement that a court state its reasoning "on the record" does not limit the expression of the court's reasoning to the sentencing order. The "record" also includes statements the court makes when it pronounces sentence.

The court then determined that the sentencing court sufficiently stated its reasoning by "giving specific examples of information from the presentence investigation report that led the court to determine that certain substantial and compelling reasons were present." *State v. Baxter*, 295 Neb. at 507, 888 N.W.2d at 735.

In the present case, we determine the district court sufficiently stated its reasoning for its determination that there were substantial and compelling reasons to withhold a term of probation. At the sentencing hearing, the court stated that it considered Becher's presentence investigation report, mentality, education, experience, past criminal record, medical history, and the nature of his current offense. And in its sentencing order, the court articulated that incarcerating Becher was necessary to protect the public because there was a substantial risk that he would reengage in criminal conduct if given probation. While the court's sentencing order and discussion at the sentencing hearing closely resemble the statutory factors in § 29-2260, when read together, they provide sufficient reasoning for why the court did not sentence Becher to a term of probation.

Although the district court could have been clearer, we understand the court's reasoning to be that because of Becher's criminal history, continued violations of the law, perceived inability to refrain from criminal acts, and anticipated failure to not commit further crimes if sentenced to a term of probation, Becher would be a danger to the public if not incarcerated. With this, we determine the district court's reasoning was sufficiently stated on the record and conclude that it did not abuse its discretion in sentencing Becher to concurrent terms of 2 years' imprisonment and 9 months' post-release supervision for each of his two convictions.

## CONCLUSION

We conclude that the district court did not abuse its discretion in sentencing Becher because it sufficiently stated its reasoning on the record for why it did not impose periods of probation for his Class IV felony convictions as required by § 29-2204.02(3).

AFFIRMED.