IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. AULT

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

DAVID K. AULT, APPELLANT.

Filed May 6, 2025.    No. A-24-932.

Appeal from the District Court for Sarpy County: NATHAN B. COX, Judge. Affirmed.

Kyle J. Flentje, of Flentje Law, L.L.C., for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

MOORE, PIRTLE, and WELCH, Judges.

WELCH, Judge.

## INTRODUCTION

David K. Ault appeals from his plea-based conviction for third degree sexual assault. He contends that the sentence imposed was excessive and that his trial counsel was ineffective in failing to provide the court with mitigating factors prior to imposition of the sentence. For the reasons set forth herein, we affirm.

## STATEMENT OF FACTS

Ault was originally charged in Sarpy County District Court with first degree sexual assault, a Class II felony. Pursuant to a plea agreement, Ault pled no contest to a reduced charge of third degree sexual assault, a Class I misdemeanor. As part of the plea agreement, the State agreed not to seek jail time and not to object to Ault being sentenced to probation.

At the plea hearing, the State provided a factual basis that set forth that on February 26, 2023, law enforcement responded to a call regarding a sexual assault. The victim informed law

enforcement that she had been celebrating a bridal shower with several other women at a bar. After the other women left, the victim, who was extremely intoxicated, fell asleep at a table at the bar. While the victim was sleeping at the bar, her sweatshirt, which contained her car keys, was stolen. As a result, she was unable to leave the bar to sleep in her vehicle. At some point in the evening, the victim made contact with Ault and informed him that she was too intoxicated to drive and that she wanted to sleep in her car. Although Ault offered to take the victim to her car, they ended up going to a small apartment. The victim reported that she was going in and out of consciousness and that when she woke up, Ault was having sexual intercourse with her. The victim reported that she attempted to say no and attempted to push Ault off her at least once, but she was unable to physically stop the sexual intercourse.

Law enforcement contacted the bartender, who positively identified Ault based on a physical description and the victim's description of what Ault was wearing on the night of the incident. The bartender indicated that Ault regularly patronized the bar. The victim obtained a Sexual Assault Nurse Examiner Exam and identified Ault in a photo lineup as the person who had sexual intercourse with her without her consent.

At the sentencing hearing, both attorneys indicated that they had an opportunity to review the PSR and had no additions or corrections. Defense counsel asked the court to consider Ault's age, lack of criminal history, and ties to the community, and stated, "I don't believe this Court will have any reason to see [Ault] again in any capacity. This type of conduct will not occur again." Ault apologized during a brief allocution. The State offered a summary of information found in the PSR including Ault's criminal history, his scores as assessed by the level of service/case management inventory, that Ault had received the benefit of the plea agreement, and that pursuant to the plea agreement, the State had no objection to a term of probation.

The district court noted that it had reviewed the presentence investigation report and considered Ault's age, mentality, education and experience, social and cultural background, Ault's criminal history, the motivation for the offense, the nature of the offense, and the amount of violence involved in the commission of the offense. The court then stated:

> The Court is of the opinion that [Ault] has received a tremendous benefit in the plea agreement that has been arranged. We were looking initially at a Class 2 felony. The first degree sexual assault carries with it a minimum of one year and a maximum of 50 years['] imprisonment, along with the consequences of a felony conviction. [Ault] has pled to third-degree sexual assault, which is a Class 1 misdemeanor.
>
> The Court, however, in reviewing that, struggled with the fact that the victim in this matter was highly intoxicated by all accounts. She was not able to drive herself home. [Ault] offers to do that, takes her home. She indicates that she has times going in and out of consciousness where at some point she realizes that she is naked and doesn't know how that happened or how long the intercourse lasted because of how intoxicated she was and in and out of consciousness. She states that she would try to wake up and say no, but physically couldn't, and tried to push [Ault] off [of her] but was very weak and unable to.
>
> The whole situation is very concerning in that you have someone that is intoxicated to the point that she's not apparently able to say no or resist. It appears that sexual contact was made for purposes of this conviction. [The victim] was also complaining of pain in her chest, right shoulder, upper arm, and lower abdomen. She speculates as to what the reason

for the pain that she was subsequently feeling -- where it might have come from, but, again, she was intoxicated to the point that she's not cognizant of what's going on for the most part.

There's no indication that she gave consent here. The Court is troubled . . . by the facts of this case, [and] does not find that [Ault] would be a suitable candidate for probation. The Court finds that a lesser sentence than a straight . . . sentence would depreciate the seriousness of the offense and promote a disrespect of the law.

The district court sentenced Ault to 270 days in jail with credit for 8 days served. After the sentence was pronounced, defense counsel objected to the State's conduct, arguing that the State essentially violated the plea agreement by referencing a case "that came out [of] Platte County in 2017 that my old office was involved in where essentially they'll tell you what a horrible guy they are, and then they say, oh, by the way, we should also give him probation, a wink and a nudge." Defense counsel then asked the court to "consider the fact that part of the plea agreement is because [the victim] made a Facebook live [video] previous to the alleged assault" and that counsel felt that "the State has somewhat poisoned the well at this point with their argument about [Ault]. There were a lot of mitigating factors that got us all the way from a first-degree assault to a misdemeanor." Defense counsel stated that the State agreeing not to object to probation

was the deal we took, and I don't feel the State has lived up to their purpose of that. Sometimes less is more. I didn't know the Court was going to take such concern with the factual basis, otherwise, I could have called witnesses, I would have offered into evidence the Facebook video. We would have had a proper sentencing hearing.

Defense counsel then moved to withdraw Ault's plea based upon the State's alleged violation of the plea agreement "by the State not essentially arguing for probation." The court overruled the motion to withdraw the plea. Ault has appealed and is represented by different counsel in this direct appeal.

## ASSIGNMENTS OF ERROR

Ault contends that the sentence imposed is excessive and that his trial counsel was ineffective in failing to provide the court with mitigating factors prior to imposition of the sentence.

## STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Alkazahy*, 314 Neb. 406, 990 N.W.2d 740 (2023).

Whether probation or incarceration is ordered is a choice within the discretion of the trial court, whose judgment denying probation will be upheld in the absence of an abuse of discretion. *State v. Senteney*, 307 Neb. 702, 950 N.W.2d 585 (2020).

Whether a claim of ineffective assistance of counsel can be determined on direct appeal presents a question of law, which turns upon the sufficiency of the record to address the claim without an evidentiary hearing or whether the claim rests solely on the interpretation of a statute or constitutional requirement. *State v. Npimnee*, 316 Neb. 1, 2 N.W.3d 620 (2024). In reviewing a

- 3 -

claim of ineffective assistance of counsel on direct appeal, an appellate court determines as a matter of law whether the record conclusively shows that (1) a defense counsel's performance was deficient or (2) a defendant was or was not prejudiced by a defense counsel's alleged deficient performance. *Id.*

## ANALYSIS

### EXCESSIVE SENTENCE

Ault's first assigned error is that the sentence imposed was excessive because he should have been sentenced to probation. Although Ault admits that the sentence imposed is within the statutory limits, he contends that the sentence is excessive because of his limited criminal history as a 65-year-old man and because the "sentencing agreement was stated on the record with a plea offer to a misdemeanor, clearly showing mitigating factors existed, the Court just decided to ignore those and fashion the sentence solely on the factual basis." Brief for appellant at 12.

Ault was convicted of third degree sexual assault, a Class I misdemeanor. See Neb. Rev. Stat. § 28-320 (Reissue 2016). Ault's sentence of 270 days in jail is within the statutory sentencing range for Class I misdemeanors which are punishable by a minimum of a minimum of no imprisonment and a maximum of not more than 1 year of imprisonment and/or a $1,000 fine. See Neb. Rev. Stat. § 28-106 (Reissue 2016).

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. King*, 316 Neb. 991, 7 N.W.3d 884 (2024). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id.* The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id.*

Here, the PSR established that Ault was 65 years old, single, with three adult children. He did not graduate from high school or obtain his GED. His criminal history includes convictions for two counts of negligent child abuse and one conviction each for first offense DUI, assault, disorderly conduct, and first offense driving under suspension. The level of service/case management inventory assessed Ault as a high risk to reoffend. Ault admitted to using at certain points in his life, alcohol, marijuana, cocaine, and mushrooms. The PSR noted that although Ault reported having only completed the sixth grade, he maintained lengthy periods of employment where he was able to support his family. Additionally, Ault helped elderly friends who could not transport themselves get to the appointments or run errands. The PSR also indicated that Ault had brain surgery to treat a brain aneurysm in January 2024, has poor memory recall, and that Ault's brother has been appointed as Ault's power of attorney.

The district court stated that it had reviewed the PSR which included information concerning all of the factors to be considered by a sentencing court. See *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021). Further, a sentencing court is not required to articulate on the record

that it has considered each sentencing factor nor to make specific findings as to the facts pertaining to the factors or the weight given them. *Id*.

Ault argues in his brief that he "had a very limited criminal history as a [65-year-old] man" and the "sentencing agreement was stated on the record with a plea offer to a misdemeanor, clearly showing mitigating factors existed, [but] the Court decided to ignore those and fashion the sentence solely on the factual basis." Brief for appellant at 12. "In Nebraska, sentencing courts are never bound by a plea agreement reached between a defendant and the prosecution, nor are judges bound to impose the sentence recommended by a prosecutor under a plea agreement." *State v. Lara*, 315 Neb. 856, 869, 2 N.W.3d 1, 13, (2024). And, regarding Ault's claim that he should have been sentenced to probation, the court specifically found that Ault was not a suitable candidate for probation because a lesser sentence would depreciate the seriousness of the offense and promote disrespect for the law. See Neb. Rev. Stat. § 29-2260(2) (Reissue 2016). Further, Ault received a substantial benefit from his plea agreement in which the original charge, a Class II felony carrying the possibility of a maximum sentence of 50 years' imprisonment was reduced to a Class I misdemeanor. See *State v. Morton*, 310 Neb. 355, 966 N.W.2d 57 (2021) (in deciding appropriate sentence, sentencing court can account for fact that defendant received substantial benefit from plea bargain agreement).

Based on factors including that the sentence imposed was within the applicable statutory sentencing range, the substantial benefit that Ault received from his plea agreement, the nature and seriousness of the offense, Ault's previous criminal history, and his high risk to reoffend, the district court did not abuse its discretion in the sentence imposed. This assignment of error fails.

INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Ault's second assignment of error is that his trial counsel was ineffective by failing to provide the court with mitigating factors and "a clearer background" of Ault prior to his sentence being pronounced. Brief for appellant at 10.

Before addressing this claim, we first review the law in connection with ineffective assistance of counsel claims raised on direct appeal. In *State v. Lierman*, 305 Neb. 289, 312-13, 940 N.W.2d 529, 548 (2020), the Nebraska Supreme Court stated:

In reviewing claims of ineffective assistance of counsel on direct appeal, an appellate court decides only whether the undisputed facts contained within the record are sufficient to conclusively determine whether counsel did or did not provide effective assistance and whether the defendant was or was not prejudiced by counsel's alleged deficient performance.

When a defendant's trial counsel is different from his or her counsel on direct appeal, the defendant must raise on direct appeal any issue of trial counsel's ineffective performance which is known to the defendant or is apparent from the record. Once raised, the appellate court will determine whether the record on appeal is sufficient to review the merits of the ineffective performance claims.

In order to know whether the record is insufficient to address assertions on direct appeal that trial counsel was ineffective, appellate counsel must assign and argue deficiency with enough particularity (1) for an appellate court to make a determination of whether the claim can be decided upon the trial record and (2) for a district court later

reviewing a petition for postconviction relief to be able to recognize whether the claim was brought before the appellate court. When a claim of ineffective assistance of trial counsel is raised in a direct appeal, the appellant is not required to allege prejudice; however, an appellant must make specific allegations of the conduct that he or she claims constitutes deficient performance by trial counsel.

And as the Nebraska Supreme Court recently reiterated in *State v. German*, 316 Neb. 841, 872, 7 N.W.3d 206, 229 (2024): "Assignments of error on direct appeal regarding ineffective assistance of trial counsel must specifically allege deficient performance, and an appellate court will not scour the remainder of the brief in search of such specificity. This is not a new principle. We have adhered to it on numerous occasions."

Here, Ault assigns that "[t]rial counsel provided prejudicial ineffective assistance by failing to provide the court with mitigating factors prior to a sentence being ordered." Brief for appellant at 5. But in making this assignment, Ault fails to identify what "mitigating factors" his trial counsel failed to present. This general recitation of failing to supply "mitigating factors" most assuredly does not conform to the requirement of stating the alleged ineffective assistance of counsel with particularity. Applying the principles in *State v. German, supra*, this claim of ineffective assistance of counsel is not preserved for postconviction review.

CONCLUSION

Having considered and rejected Ault's claims, we affirm his conviction and sentence.

AFFIRMED.