IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)

STATE V. ANDERSON

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

CASONDRA F. ANDERSON, APPELLANT.

Filed July 15, 2025.    No. A-24-975.

Appeal from the District Court for Lancaster County: KEVIN R. MCMANAMAN, Judge. Affirmed in part, and in part remanded for resentencing.

Trevin H. Preble and Coehn W. Preble, of Preble Law Firm, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Erin E. Tangeman for appellee.

RIEDMANN, Chief Judge, and MOORE and ARTERBURN, Judges.

MOORE, Judge.

### INTRODUCTION

Casondra F. Anderson appeals her plea-based convictions of possession of methamphetamine with the intent to deliver and operating a motor vehicle to avoid arrest. Anderson's sole assignment of error on appeal is that the sentences imposed are excessive. We affirm the sentences of imprisonment imposed, but finding plain error, we remand to the district court for imposition of revocation or impoundment on the operating a motor vehicle to avoid arrest conviction.

### STATEMENT OF FACTS

In December 2023, Anderson was charged with possession of methamphetamine with the intent to deliver (140 grams or more), a Class IB felony, and operating a motor vehicle to avoid arrest, a Class IV felony. Pursuant to a plea agreement, Anderson pled no contest to an amended

- 1 -

information charging her with possession of methamphetamine with the intent to deliver, a Class II felony, and operating a motor vehicle to avoid arrest, a Class IV felony. Also, as part of the plea agreement, the State dismissed an additional criminal case against Anderson that had charged her with possession of methamphetamine.

The State provided a factual basis which set forth that, on August 17, 2023, at approximately 9:30 a.m., Nebraska State Patrol investigators driving an unmarked vehicle were conducting surveillance on a specific address in Lincoln, Nebraska, looking for Stacey Bigelow, who had an extraditable arrest warrant out of Iowa and an arrest warrant out of Douglas County. Investigators had prior knowledge that Bigelow was dating Anderson, who was living at the address being surveilled. Investigators also had information that Bigelow was supposed to be driving a white Toyota Avalon.

Investigators observed a white Toyota Avalon with no license plate sitting next to the curb in front of the surveilled address. They observed Anderson and Bigelow exit the front door of the residence. Bigelow was carrying a large bag and a purse while Anderson was only carrying car keys. Anderson walked to the Toyota and got into the driver's seat. The Avalon backed up and pulled out traveling southbound before turning westbound on "Q" Street.

Investigators maintained a visual of the Toyota as it pulled into an alley. The Toyota pulled up to a black male wearing a red hat and Anderson and Bigelow talked to the male through the driver's window. The male observed the investigators and appeared to advise Anderson and Bigelow that someone was behind them. At that point, Anderson pulled the Toyota forward turning into a small parking lot in the same alley. Investigators followed the Toyota into the parking lot then approached the Toyota on foot. The investigators were wearing ballistic vests with a large "Police" patch on the front and were equipped with body worn cameras. Anderson backed the Toyota into the front bumper of the unmarked police vehicle and ignored investigators' loud, verbal commands to stop. Anderson drove over a curb, scraping the bottom of the Toyota and fled at a high rate of speed. Investigators maintained visual observation of the Toyota and observed a gray plastic bag get thrown from the passenger side window. Investigators stopped to collect the bag, which was a double-layered plastic bag containing 210 grams of methamphetamine, and ceased pursuit of the Toyota. On August 22, 2023, investigators observed Anderson standing outside of her residence. Anderson attempted to flee on foot but was ultimately arrested.

At the sentencing hearing, the court informed Anderson that it had considered her age, education, her social and cultural background, her criminal record, the nature and circumstances of the offenses, the motivation for the offenses, and the safety of the community. The court found that imprisonment of Anderson was necessary for the protection of the public because the risk was substantial that during any period of probation she would engage in additional criminal conduct and because a lesser sentence would depreciate the seriousness of Anderson's crimes and promote disrespect for the law. The district court sentenced Anderson to 8 to 16 years' imprisonment for possession of methamphetamine with the intent to deliver and 1 to 2 years' imprisonment for operating a motor vehicle to avoid arrest. The sentences were ordered to run consecutively. Anderson was awarded credit for 457 days served. Anderson has filed this direct appeal and is represented by different counsel than represented her during her plea and sentencing.

ASSIGNMENT OF ERROR

Anderson's sole assignment of error on appeal is that the sentences imposed are excessive.

STANDARD OF REVIEW

A sentence imposed within the statutory limits will not be disturbed on appeal in the absence of an abuse of discretion by the trial court. *State v. Alkazahy*, 314 Neb. 406, 990 N.W.2d 740 (2023).

It is within the discretion of the trial court whether to impose probation or incarceration, and an appellate court will uphold the court's decision denying probation absent an abuse of discretion. *State v. Wills*, 285 Neb. 260, 826 N.W.2d 581 (2013); *State v. Montoya*, 29 Neb. App. 563, 957 N.W.2d 190 (2021).

ANALYSIS

Anderson's sole assignment of error is that the sentences imposed are excessive. Specifically, she contends that the district court failed to give the proper weight and consideration to the sentencing factors and abused its discretion in not sentencing her to probation.

Anderson was convicted of possession of methamphetamine with the intent to deliver, a Class II felony, and operating a motor vehicle to avoid arrest, a Class IV felony. See Neb. Rev. Stat. § 28-416(2)(a) (Cum. Supp. 2024); Neb. Rev. Stat. § 28-905(3) (Reissue 2016). Anderson's sentence of 8 to 16 years' imprisonment is within the statutory sentencing range for Class II felonies which are punishable by a minimum of 1 year of imprisonment and a maximum of 50 years' imprisonment. See Neb. Rev. Stat. § 28-105 (Cum. Supp. 2024). Anderson's sentence of 1 to 2 years' imprisonment is within the statutory sentencing range for Class IV felonies which are punishable by a minimum of no imprisonment and a maximum of 2 years' imprisonment followed by 0 to 9 months of post-release supervision, and/or a $10,000 fine. See § 28-105. The court did not sentence Anderson to a term of post-release supervision because any person who is sentenced to imprisonment for a Class II felony and sentenced concurrently or consecutively to imprisonment for a Class IV felony is not subject to post-release supervision. See § 28-105(6). Further, the court was not required to sentence Anderson to probation on her Class IV felony conviction because Anderson was consecutively sentenced to imprisonment for a felony other than another Class IV felony and because the court found that the imprisonment of Anderson was necessary for the protection of the public because the risk was substantial that, during any period of probation, she would engage in additional criminal conduct and because a lesser sentence would depreciate the seriousness of Anderson's crimes and promote disrespect for the law. See Neb. Rev. Stat. § 29-2204.02(2)(a) and (c) (Reissue 2016). Additionally, Anderson received a substantial benefit from her plea agreement in which a Class IB felony was reduced to a Class II felony and an additional charge of possession of methamphetamine was dismissed.

Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors as well as any applicable legal principles in determining the sentence to be imposed. *State v. Alkazahy*, 314 Neb. 406, 990 N.W.2d 740 (2023). In determining a sentence to be imposed, relevant factors customarily considered and applied are the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past

criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the nature of the offense and (8) the amount of violence involved in the commission of the crime. Id. The appropriateness of a sentence is necessarily a subjective judgment and includes the sentencing judge's observation of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

Although Anderson argues that the district court failed to properly consider the factors in sentencing her, the record reflects that the court reviewed the PSR, which included information concerning all of the factors to be considered by a sentencing court. See *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021). Further, a sentencing court is not required to articulate on the record that it has considered each sentencing factor nor to make specific findings as to the facts pertaining to the factors or the weight given them. *State v. Greer, supra*.

The presentence investigation report indicated that Anderson was 35 years old, divorced, had no dependents, and had earned a bachelor's degree. Her criminal history includes three convictions for third degree domestic assault; two convictions for first offense possession of marijuana (1 oz. or less); and single convictions of assault by mutual consent, providing false or fictitious information, first offense DUI, driving with a suspended license, possession of drug paraphernalia, theft of money or goods less than $500, attempted possession of a controlled substance, and second offense possession of marijuana (1 oz. or less). Anderson had been sentenced to fines, probation, house arrest, and jail. During her previous term of probation, Anderson received new charges. Although a revocation of probation was filed, Anderson was allowed to remain on probation and she completed the term successfully. During her current incarceration in the Lancaster County Jail, Anderson received several write-ups for misconduct. The level of service/case management inventory assessed Anderson as a high risk to reoffend. Anderson self-reported that she used alcohol, marijuana, cocaine, methamphetamine, and abused prescription drugs. Anderson's statement, which was attached to the PSR, stated that when police approached the Toyota, they were not wearing badges or vests and did not identify themselves as police. This contradicts the factual summary provided by the State during Anderson's plea hearing which set forth that officers were wearing ballistic vests with a large "POLICE" patch on the front.

Finally, regarding Anderson's claim that the district court abused its discretion in failing to sentence her to probation, the court specifically found that imprisonment of Anderson was necessary for the protection of the public because the risk was substantial that, during any period of probation, she would engage in additional criminal conduct and because a lesser sentence would depreciate the seriousness of Anderson's crimes and promote disrespect for the law.

We find no abuse of discretion in the sentences of imprisonment imposed by the district court.

Although not raised by either party, we nevertheless note plain error in the district court's failure to order revocation or impoundment. The statute related to operating a motor vehicle to avoid arrest found at § 28-905(3)(b) provides:

> The court shall, as part of the judgment of conviction under subdivision (a) of this subsection, order that the operator's license of such person be revoked or impounded for a period of two years and order the person not to drive any motor vehicle for any purpose in the State of Nebraska for a like period. The revocation or impoundment shall be

administered upon sentencing, upon final judgment of any appeal or review, or upon the date that any probation is revoked.

Although the district court advised Anderson at the plea hearing that a 2-year license revocation was a penalty for operating a motor vehicle to avoid arrest, the sentencing order does not comply with this requirement. Recently in *State v. Perry*, 318 Neb. 613, 623, 17 N.W.3d 504, 512 (2025), the Nebraska Supreme Court held that "a 2-year license revocation or impoundment is mandatory for all felony convictions under § 28-905(3)(b) and, therefore, it was plain error for the district court not to impose such a revocation or impoundment." We likewise find plain error in the failure to impose a revocation or impoundment in connection with Anderson's sentence for operating a motor vehicle to avoid arrest under § 28-905(3).

## CONCLUSION

The district court did not abuse its discretion in the sentences of imprisonment imposed upon Anderson. However, we conclude that in accordance with the mandatory language of § 28-905(3)(b), the district court plainly erred by not imposing a 2-year license revocation or impoundment as part of Anderson's sentence for operating a motor vehicle to avoid arrest.

AFFIRMED IN PART, AND IN PART
REMANDED FOR RESENTENCING.