IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

STATE V. SAY

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

STATE OF NEBRASKA, APPELLEE,

V.

WAH K. SAY, APPELLANT.

Filed May 12, 2026.    No. A-25-386.

Appeal from the District Court for Douglas County: JEFFREY J. LUX, Judge. Affirmed.

Joseph L. Howard, of Dornan, Howard, Breitkreutz, Dahlquist & Klein, P.C., L.L.O., for appellant.

Michael T. Hilgers, Attorney General, and Teryn Blessin for appellee.

MOORE, PIRTLE, and FREEMAN, Judges.

FREEMAN, Judge.

## INTRODUCTION

Wah K. Say appeals from his convictions in the Douglas County District Court for manslaughter, use of a deadly weapon to commit a felony, terroristic threats, possession of a deadly weapon by a prohibited person, and operating a motor vehicle to avoid arrest by willful reckless driving. His sole assignment of error on appeal is that the district court abused its discretion in determining his sentence. For the reasons set forth herein, we affirm.

## BACKGROUND

On March 10, 2024, Say went to an Omaha park with a group of friends and brandished a gun at several individuals, demanding money or drugs. He then approached Taw Moo and made the same demand for money. When Moo refused, Say and his friends assaulted him. As one of

Moo's friends attempted to intervene, Say pointed the gun toward that individual and verbally threatened him. Say then shot Moo in the chest. Say and his friends fled the scene in a vehicle.

Officers attempted to stop the vehicle, but instead of stopping, the vehicle increased its speed to 80 miles per hour, ran stop signs, and generally drove recklessly. Say stopped his vehicle in Omaha to discharge a passenger, but thereafter continued his attempt to evade officers by driving 100 miles per hour into Iowa. Eventually, the vehicle ran out of gas and Say and his remaining passenger were apprehended by officers. Moo was transported to the hospital, where he later died in surgery.

In May 2024, Say was charged by information with first degree murder, use of a deadly weapon to commit a felony, and unlawful possession of a firearm by a prohibited juvenile offender. A second and third amended information collectively added terroristic threats, a second count of use of a deadly weapon to commit a felony, and operating a motor vehicle to avoid arrest by willful reckless driving charges.

A 10-day jury trial was held in March 2025. Following trial, the jury found Say guilty of manslaughter, a Class IIA felony; two counts of use of a firearm to commit a felony, each a Class IC felony; unlawful possession of a firearm by a prohibited juvenile offender, a Class IV felony; terroristic threats, a Class IIIA felony; and operating a motor vehicle to avoid arrest by willful reckless driving, a Class IV felony. The district court accepted the jury's verdict and found Say guilty on all counts. The court ordered a presentence investigation report (PSR) and scheduled sentencing for May 12, 2025.

At the sentencing hearing, the district court gave each party the opportunity to present argument. Say's trial counsel argued that Say's age and background should afford him a lesser sentence. The State opposed leniency, pointing to Say's extensive juvenile record and evident lack of remorse in the PSR.

The district court stated that it had reviewed the PSR, including the reports contained therein. The court advised that it had

> considered the factors set forth in [Neb. Rev. Stat. §] 29-2260 as well as [Say's] age, mentality, education, and experience; social and cultural background; past criminal record or record of law-abiding conduct; the motivation for the offense; the nature of the offense; and the amount, if any, of violence involved in the commission of the offenses. . . .
>
> So in trying to figure out an appropriate sentence in this case, given the facts of the case, given the age of [Say], given the jury's verdict, in trying to put all those together and come up with a fair sentence, a just sentence -- you know, I took a few different notes when I was listening to your arguments and as well as when I was reviewing the [PSR]. And the State mentioned it, and it's the same note that I took: just permanent. The decisions of [Say] were permanent.

The district court sentenced Say to 16 to 20 years' imprisonment for count 1, manslaughter; 40 to 50 years' imprisonment for count 2, use of a deadly weapon to commit a felony; 1 to 2 years' imprisonment for count 3, unlawful possession of a firearm by a prohibited juvenile offender; 2 to 3 years' imprisonment for count 4, terroristic threats; 20 to 30 years' imprisonment for count 5, use of a deadly weapon to commit a felony; and 1 to 2 years' imprisonment for count 6, operating a motor vehicle to avoid arrest by willful reckless driving. The court ordered the sentences on

counts 1 through 6 be served consecutively to each other. The court granted Say 426 days' credit for time served in custody.

Say appeals.

## ASSIGNMENT OF ERROR

Say assigns, consolidated, that the district court abused its discretion in imposing excessive, consecutive sentences.

## STANDARD OF REVIEW

An appellate court will not disturb a sentence imposed within the statutory limits absent an abuse of discretion by the trial court. *State v. Lopez*, 321 Neb. 118, 32 N.W.3d 868 (2026). An abuse of discretion occurs when a trial court's decision is based upon reasons that are untenable or unreasonable or if its action is clearly against justice or conscience, reason, and evidence. *Id*.

Generally, it is within a trial court's discretion to direct that sentences imposed for separate crimes be served either concurrently or consecutively. *State v. Ezell*, 314 Neb. 825, 993 N.W.2d 449 (2023). For a defendant who has been sentenced consecutively for two or more crimes, appellate courts generally consider the aggregate sentence to determine if it is excessive. See *id*.

## ANALYSIS

Say assigns that the district court abused its discretion by imposing excessive and consecutive sentences. He argues that the court failed to consider mitigating factors, including his age, lack of premeditation, and rehabilitation prospects, and failed to articulate individualized reasons for imposing consecutive sentences. Say also claims that the district court improperly relied on inaccurate PSR information. This assignment of error fails.

Say's conviction for manslaughter is a Class IIA felony. Neb. Rev. Stat. § 28-105 (Cum. Supp. 2025). A Class IIA felony is punishable by a maximum of 20 years' imprisonment. See *id*. Use of a firearm to commit a felony is a Class IC felony. See *id*. A Class IC felony is punishable by a maximum of 50 years' imprisonment with a mandatory minimum of 5 years' imprisonment. See *id*. Unlawful possession of a firearm by a prohibited juvenile offender and operating a motor vehicle to avoid arrest by willful reckless driving are Class IV felonies. See *id*. A Class IV felony is punishable by a maximum of 2 years' imprisonment and 12 months' post-release supervision or a $10,000 fine, or both. See *id*. Terroristic threats is a Class IIIA felony. A Class IIIA felony is punishable by a maximum of 3 years' imprisonment and 18 months' post-release supervision or a $10,000 fine, or both. See *id*.

The district court sentenced Say to an aggregate sentence of 80 to 107 years' imprisonment. Each of Say's sentences was within the statutory limits. Consequently, our analysis regarding whether Say's sentences are excessive is limited to a review for abuse of discretion. Where a sentence imposed within the statutory limits is alleged on appeal to be excessive, the appellate court must determine whether a sentencing court abused its discretion in considering and applying the relevant factors and applicable legal principles. *State v. Lopez, supra*.

When imposing a sentence, a sentencing judge should consider the defendant's (1) age, (2) mentality, (3) education and experience, (4) social and cultural background, (5) past criminal record or record of law-abiding conduct, and (6) motivation for the offense, as well as (7) the

nature of the offense and (8) the amount of violence involved in the commission of the crime. *Id*. However, the sentencing court is not limited to any mathematically applied set of factors. See *id*. The appropriateness of a sentence is necessarily a subjective judgment that includes the sentencing judge's observations of the defendant's demeanor and attitude and all the facts and circumstances surrounding the defendant's life. *Id*.

We disagree with Say that the district court did not sufficiently consider mitigating factors in determining his sentences. The bill of exceptions from the sentencing hearing shows that the parties made extensive arguments before the district court and that the court had a thorough understanding of both the trial record and Say's PSR. The court also considered the relevant factors, including Say's age, mentality, education and experience, social and cultural background, past criminal record or record of law-abiding conduct, motivation for the offense, the nature of the offenses, and the amount of violence involved in the commission of the offenses. We further note that a sentencing court is not required to articulate on the record that it has considered each sentencing factor nor to make specific findings as to the facts pertaining to the factors or the weight given them. See *State v. Greer*, 309 Neb. 667, 962 N.W.2d 217 (2021).

At the time of his sentence, Say was 19 years old, single, and did not have any dependents. Say's criminal history includes juvenile adjudications from May 2021 through October 2022, consisting of robbery, attempted theft, possession of a deadly weapon by a prohibited person, possession of burglar's tools, possession of an unregistered firearm, attempted obstructing, and carrying a concealed weapon. Say was originally placed on juvenile probation but later committed to the youth rehabilitation and treatment center in Kearney, Nebraska. Say also spent 24 days in jail in November 2022 for a criminal charge of leaving the scene of a property damage accident. In addition, he had charges pending for a robbery alleged to have occurred in July 2023 and first degree assault, use of a firearm to commit a felony, and possession of a firearm by a prohibited juvenile offender that arose from events that occurred on March 10, 2024, just hours before the present offenses.

Furthermore, on the Level of Service/Case Management Inventory assessment, Say scored in the very high-risk range in the domains of criminal history, education/employment, alcohol/drug problems, and procriminal attitude; in the high-risk range in the domain of antisocial pattern; in the medium-risk range in the domains of leisure/recreation and companions; and in the very low-risk range in the domain of family/marital.

At the sentencing hearing, the district court discussed the circumstances of the present case, noting that the consequence of Say's offenses was permanent. The court noted the effect on Moo's family and emphasized that Say "left a four-year-old son [sic] fatherless, left a mother husbandless, totally changed the trajectory of both of their lives and destroyed that family unit."

Although Say seemingly asks us to reweigh the relevant factors, it is not the proper function of an appellate court to conduct a de novo review of the record to determine what sentence it would impose. See *State v. Hagens*, 320 Neb. 65, 26 N.W.3d 174 (2025). The Legislature has provided trial courts with significant discretion in sentencing, such as their discretion to order sentences to be served consecutively or concurrently. See *State v. Ezell*, 314 Neb. 825, 993 N.W.2d 449 (2023). When a trial court exercises its discretion within the limits prescribed by law, that judgment cannot be controlled in the absence of an abuse of discretion. *Id*.

We recognize that Say's aggregate sentence is substantial. So too is his criminal history and his risk of reoffending. The district court apparently believed the aggregate seriousness of Say's crimes required a higher aggregate sentence. We find no abuse of discretion in the court utilizing the statutory sentencing ranges available to it.

To the extent that Say argues that the district court considered inaccurate information in the PSR, including victim impact statements and police reports characterizing Say's lack of remorse, including statements that he is dangerous to the public, we disagree. A sentencing court has broad discretion as to the source and type of evidence and information that may be used in determining the kind and extent of the punishment to be imposed, and evidence may be presented as to any matter that the court deems relevant to the sentence. *State v. Rejai*, 320 Neb. 599, 29 N.W.3d 225 (2026). As noted above, the district court had thorough knowledge of the trial record and was well within its authority to consider information offered within the PSR.

Based on the record before us, the district court took the appropriate factors into consideration when sentencing Say and there is no indication it considered any inapplicable factors. Accordingly, we conclude the district court did not abuse its discretion in the sentences it imposed. Say's assignment of error fails.

CONCLUSION

We conclude that the district court did not abuse its discretion in determining Say's sentences.

AFFIRMED.